## CESAR BRZEZINEK ET AL. *v.* COVENANT INSURANCE COMPANY
## (AC 22257)

Mihalakos, Flynn and Hennessy, Js.

Submitted on briefs September 16—officially released December 10, 2002

*Jacek I. Smigelski* filed a brief for the appellants (plaintiffs).

*Brian S. Driscoll* filed a brief for the appellee (defendant).

*Opinion*

HENNESSY, J. The plaintiffs, Cesar Brzezinek and Janina Brzezinek, appeal from the judgment of the trial court rendered upon the granting of the motion for summary judgment filed by the defendant, Covenant Insurance Company. The plaintiffs claim that the court improperly (1) ruled that they did not timely accept the defendant's offer to form a contract to settle a potential action and (2) failed to conclude that the defendant was barred by the doctrine of equitable estoppel from refusing to execute the settlement agreement. We affirm the judgment of the trial court.

The record reveals the following facts. The plaintiffs alleged that they suffered injuries resulting from the negligence of the defendant's insured in the operation of an automobile. On December 3, 1999, the defendant made a settlement offer in the amount of $30,000 to the plaintiffs' attorney during a telephone conversation. According to a letter that was attached to the defendant's motion for summary judgment, the plaintiffs' attorney told the defendant during that conversation that he would discuss the offer with his clients, but the settlement offer "wasn't enough." On December

12, 1999, the plaintiffs signed releases evidencing their acceptance of the defendant's offer and provided those releases to their attorney. The plaintiffs' attorney did not transmit those releases to the defendant until February 14, 2000, and did not communicate the plaintiffs' acceptance of the settlement offer to the defendant until that date. On December 28, 1999, the statute of limitations for the underlying tort action expired. Because of the expiration of the applicable statute of limitations prior to effective communication of acceptance of the defendant's offer, the defendant claimed that the time for acceptance had expired and refused to perform.

On December 19, 2000, the plaintiffs filed a breach of contract action against the defendant, alleging breach of the settlement agreement. Thereafter, the plaintiffs and the defendant filed motions for summary judgment. The court granted summary judgment in favor of the defendant and denied summary judgment for the plaintiffs. In support of its judgment on the cross motions for summary judgment, the court concluded that to be effective, the plaintiffs' acceptance of the defendant's settlement offer would have needed to been communicated to the defendant prior to the expiration of the statute of limitations for the underlying claim. The court stated: "It is clear that the entire purpose . . . in making its settlement offer, was to resolve extant claims. . . . As of [the expiration of the statute of limitations] . . . the [plaintiffs'] claims were no longer viable. Under the circumstances, [the defendant's] offer could have been accepted only prior to the running of the statute of limitations. . . . Here. . . the [plaintiffs'] claims were no longer enforceable since, by law, they were time barred. As a result, forbearance from suit did not amount to consideration for the contract."

The court found that under the circumstances of this case, as a matter of law, once the statute of limitations

had run, the settlement offer did not remain viable. We agree with the court's reasoning and conclusion.

The court also rejected the plaintiffs' estoppel argument, finding that the defendant did nothing that could be construed as misleading the plaintiffs that would have resulted in their injury. Rather, the court found that the delay in communicating their acceptance of the defendant's offer was due to the lack of due diligence on the part of the plaintiffs' attorney.

Our standard of review of a court's decision to grant a motion for summary judgment is well established. Practice Book § 17-49 provides in relevant part that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Ramsay* v. *Camrac, Inc.*, 71 Conn. App. 314, 318, 801 A.2d 886, cert. denied, 261 Conn. 936, 806 A.2d 1066 (2002).

The first issue presented in this appeal is whether the court properly rendered summary judgment for the

defendant on the ground that the defendant's offer of settlement lapsed as a matter of law prior to the plaintiffs' effective acceptance of that offer. The plaintiffs claim that the act of communicating their acceptance to *their* attorney and the act of signing the releases on December 12, 1999, formed a valid acceptance of the defendant's offer. The plaintiffs, however, did not deliver the releases to the defendant at that time. The court correctly noted that the plaintiffs' position is contrary to our law. "Acceptance is operative, if transmitted by means which the offeror has authorized, as soon as its transmission begins and it is put out of the offeree's possession . . . irrespective of whether or when it is received by the offeror." (Internal quotation marks omitted.) *Lyon* v. *Adgraphics, Inc.*, 14 Conn. App. 252, 255, 540 A.2d 398, cert. denied, 208 Conn. 808, 545 A.2d 1103 (1988). The plaintiffs admit that the execution of the releases was not transmitted to the defendant until February 14, 2000. A contract was not formed, therefore, on December 12, 1999, because a transmission to the offeror did not occur.[1]

In the alternative, the plaintiffs claim that the transmission of the releases on February 14, 2000, formed a valid contract because the acceptance was timely. It is undisputed that the settlement offer did not contain any express deadline by which it had to be accepted. "If no time is fixed in the offer within which acceptance must be made, it is a generally accepted rule of law that acceptance must be within a reasonable time." 1 S. Williston, Contracts (4th Ed. Lord 1990) § 5:7, p. 658. "Ordinarily, what constitutes a reasonable length of time is largely a question of fact to be determined in the light of the particular circumstances of each case."

---

[1] According to the defendant, the plaintiff's only communication on December 3, 1999, was that the offer "wasn't enough." The defendant certainly would not be anticipating an acceptance of the offer based on that communication.

*Katz* v. *West Hartford,* 191 Conn. 594, 598, 469 A.2d 410 (1983); *Eaton Factors Co.* v. *Bartlett,* 24 Conn. Sup. 40, 43, 186 A.2d 166 (1962); 1 S. Williston, supra, § 5:7, pp. 658–60. In determining what is a reasonable time, we must look to the act requested. "The purpose of the offeror, to be attained by the making and performance of the contract, will affect the time allowed for acceptance, if it is or should be known to the offeree. In such case there is no power to accept after it is too late to attain that purpose." 1 A. Corbin, Contracts (Rev. Ed. 1993) § 2.16, p. 211.

The court examined the relevant circumstances surrounding the defendant's offer and the plaintiffs' purported acceptance of that offer. The court found that the purpose for the defendant in making the settlement offer was to resolve extant claims. The offer was made on December 3, 1999. The plaintiffs' attorney failed to communicate acceptance of the offer to the defendant until February 14, 2000. As the court correctly stated, as of that date, the plaintiffs' claims no longer were viable because the statute of limitations had expired on December 28, 1999. As a result, the plaintiffs would not be in a position at that time to offer consideration to the defendant to form a contract.

The tardiness of the eventual transmission of the release forms is underscored by the promptness with which the plaintiffs executed the releases and dispatched them to their attorney. The offer was made on December 10, 1999, and the plaintiffs' attorney received the signed releases two days later on December 12, 1999. That provided the plaintiffs' attorney with more than two weeks within which to send the releases to the defendant and to accept the offer of a settlement. Moreover, the plaintiffs' attorney himself indicated that, if not completely belated, the communication of the

acceptance was later than might reasonably have been anticipated by the offeror.[2]

The plaintiffs also claim that even if the transmittal of the release forms came too late to create a contract on that basis, the court nevertheless should have concluded that the plaintiffs' actual forbearance from suit was sufficient consideration for the contract. It is axiomatic that the offeror is the master of the bargain and, as such, the offeror may include any conditions on the bargain as it sees fit. Thus, where the offeror requires that the offer be accepted in a particular manner, that requirement will control. See id., § 3.13, pp. 367–69.

This is not a situation in which the offeror invited acceptance by performance. It may appear that the essence of the consideration bargained for was forbearance from suit and, accordingly, that actual forbearance should be a perfect substitute for the mere promise to forbear. The defendant, however, was bargaining for a release of claims against it as opposed merely to forbearance from suit. "It is clear that if a promisor bargains for a promise of forbearance, and is given none . . . the fact that forbearance afterwards actually takes place is not an acceptance of the offer." 2 A. Corbin, Contracts (Rev. Ed. 1995) § 5.22, p. 120.

Other states have made a distinction between forbearance and a promise to forbear. See *Greenwood Associates, Inc.* v. *Crestar Bank*, 248 Va. 265, 269, 448 S.E.2d 399 (1994) ("Mere forbearance, without an agreement to that effect, is not sufficient consideration for a promise, even though the fact of forbearance was induced by the promise. . . . The fact of forbearance

---

[2] The letter accompanying the eventual transmission of the release forms stated: "I apologize for the length of time that elapsed in getting these to you. I had surgery in December and was out of work and upon my return to the office I was swamped. I am just now getting back to my regular schedule."

to act does not establish consideration for the undertaking, unless there was an agreement, express or implied, that the plaintiff would forebear to act." [Citations omitted.]); see also *Trust Co. of Columbus* v. *Rhodes*, 144 Ga. App. 816, 818, 242 S.E.2d 738 (1978); *Carolina Eastern, Inc.* v. *Benson Agri Supply, Inc.*, 66 N.C. App. 180, 310 S.E.2d 393 (1984). There is nothing in the record to indicate that the defendant was bargaining for forbearance only and not for a promise to forbear in the form of a release. The plaintiffs' brief states that "the intention of the defendant, while making that offer, was to obtain releases of all claims and liability for those injuries, and thereby avoid a costly defense of a potential lawsuit . . . ."

The plaintiffs' second issue on appeal is a claim of equitable estoppel. The plaintiffs argue that the December 3, 1999 offer made by the defendant to settle was a promise that the plaintiffs relied on to their detriment. "There are two essential elements to an estoppel: the party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do something to his injury which he otherwise would not have done. Estoppel rests on the misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist." (Internal quotation marks omitted.) *W.* v. *W.*, 248 Conn. 487, 496–97, 728 A.2d 1076 (1999); see also *Green* v. *Connecticut Disposal Service, Inc.*, 62 Conn. App. 83, 91–92, 771 A.2d 137 (" '[t]here must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence on his part as amounts to constructive fraud, by which another has been misled to his injury' "), cert. denied, 256 Conn. 912, 772 A.2d 1124 (2001). The plaintiffs have not made any claim that the defendant engaged in fraud-

ulent or deceptive conduct, only that they relied on the promise made by the defendant.

"[A] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance." (Internal quotation marks omitted.) *Wellington Systems, Inc.* v. *Redding Group, Inc.*, 49 Conn. App. 152, 162, 714 A.2d 21, cert. denied, 247 Conn. 905, 720 A.2d 516 (1998). The plaintiffs argue that they relied on the defendant's offer of a promise of a settlement when they executed the releases. The plaintiffs' attorney, however, failed to deliver those releases or to communicate their acceptance to the defendant. As previously discussed, the defendant was not aware that they had induced reliance. There would be no way for the defendant reasonably to have expected the settlement offer to induce reliance under the facts of this case without some communication from the plaintiffs.

The judgment is affirmed.

In this opinion the other judges concurred.