DONALD J. GHENT *v.* MEADOWHAVEN
CONDOMINIUM, INC., ET AL.

DONALD J. GHENT, JR., ET AL. *v.* MEADOWHAVEN
CONDOMINIUM, INC., ET AL.

NORTHERN HOMES DISTRIBUTORS, INC., ET AL. *v.*
MEADOWHAVEN CONDOMINIUM, INC., ET AL.

ROBERT E. GHENT ET AL. *v.* MEADOWHAVEN
CONDOMINIUM, INC., ET AL.

LAURINE H. GHENT *v.* MEADOWHAVEN
CONDOMINIUM, INC., ET AL.
(AC 22076)

Dranginis, Bishop and Dupont, Js.

Argued January 9—officially released June 10, 2003

*Robert E. Ghent,* for the appellants (plaintiffs).

*Eugene S. Melchionne,* pro se, the appellee (defendant).

*Opinion*

DRANGINIS, J. These cases are before this court because the plaintiffs persist in seeking a remedy for a harm that they have not suffered and because the defendant attorney continues to refuse to provide the plaintiffs with releases of notices of lis pendens that, although it may not have been necessary for him to provide under the facts of this case, he should have provided as a matter of professional courtesy.

The plaintiffs in these cases, Donald J. Ghent, Donald J. Ghent, Jr., Elizabeth Ghent, Northern Homes Distributors, Inc., Robert E. Ghent, Arlene V. Ghent and Laurine H. Ghent, are condominium unit owners in a condominium association known as Meadowhaven Condominium, Inc. (Meadowhaven). The defendant[1] is Eugene S. Melchionne, the attorney who represented Meadowhaven in underlying foreclosure actions that Meadowhaven brought against the plaintiffs.

The relevant facts are as follows. On June 19, 1996, Melchionne filed foreclosure actions against the plaintiffs to recover overdue condominium expense assessments owed by the plaintiffs to Meadowhaven, Melchionne's then client. Melchionne also filed notices of lis pendens on the plaintiffs' properties in the Waterbury land records. On August 25, 1997, the court rendered judgments of strict foreclosure in favor of Meadowhaven and against the plaintiffs. The court set October 14, 1997, as the plaintiffs' law day. Late in the

---

[1] The named defendant, Meadowhaven Condominium, Inc., is no longer a defendant in this action. In a memorandum of decision dated November 6, 2001, the trial court granted Meadowhaven's motion to dismiss on the ground that the court lacked subject matter jurisdiction because the plaintiffs had failed to comply strictly with General Statutes §§ 49-8 and 49-13. On November 26, 2001, the plaintiff Richard E. Ghent appealed from that judgment. On January 10, 2002, this court dismissed that appeal for failure to prosecute.

We conclude that §§ 49-8 and 49-13 act as a limitation on the trial court's general authority to grant relief, but do not involve its subject matter jurisdiction and, therefore, that the court had jurisdiction to render summary judgment in this case. See generally *Amodio* v. *Amodio*, 247 Conn. 724, 728, 724 A.2d 1084 (1999) ("[a]lthough related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the statute' "); see also *Gordon* v. *Tufano*, 188 Conn. 477, 486–87, 450 A.2d 852 (1982) (*Shea, J.*, concurring); *Ratick* v. *Scalo*, 165 Conn. 675, 345 A.2d 26 (1974); *Ravitch* v. *Stollman Poultry Farms, Inc.*, 162 Conn. 26, 291 A.2d 213 (1971); *Simonelli* v. *Fitzgerald*, 156 Conn. 49, 238 A.2d 418 (1968); but see *Gordon* v. *Tufano*, supra, 483–86.

afternoon of October 14, 1997, the plaintiffs paid to Melchionne the sum of $23,176, which fully satisfied the foreclosure judgments against them. Thereafter, Melchionne issued certificates of satisfaction of the judgments of foreclosure in favor of the plaintiffs. He sent duplicate originals to the plaintiffs and filed the originals with the clerk of the court.

Although the plaintiffs received the certificates of satisfaction of judgment, they did not file the certificates on the Waterbury land records. Instead, on October 20, 1997, the plaintiffs' attorney sent a letter to Melchionne. In that letter, the plaintiffs' attorney acknowledged receipt of the certificates of satisfaction of judgment. Additionally, the plaintiffs' attorney stated that he believed that it also was necessary for Melchionne to provide the plaintiffs with releases of the notices of lis pendens. Melchionne declined to do so.

Thereafter, on November 21, 2000, the plaintiffs filed petitions for the discharge of each lis pendens pursuant to General Statutes §§ 49-13 and 49-8. In their petitions, the plaintiffs sought, pursuant to § 49-13 (c),[2] to have the court render judgment declaring invalid each notice of lis pendens that Melchionne had placed on the land records in connection with the foreclosure actions. They also sought damages and attorney's fees pursuant to § 49-8 (c).[3]

---

[2] General Statutes § 49-13 provides in relevant part: "(a) When the record title to real property is encumbered . . . (3) by [a] . . . lis pendens or other lien which has become of no effect, the person owning the property . . . may bring a petition to the superior court within the judicial district in which the property is situated . . . . The plaintiff may also claim in the petition damages as set forth in section 49-8, if the plaintiff is aggrieved by the failure of the defendant to execute the release therein prescribed. . . .

"(c) Such notice having been given . . . the court may proceed to a hearing . . . and . . . if the court finds the . . . lis pendens or other lien has become of no effect, the court may render a judgment reciting the facts and its findings in relation thereto and declaring the . . . lis pendens or other lien invalid as a lien against the real estate . . . ."

[3] General Statutes § 49-8 (c) provides in relevant part: "The mortgagee or plaintiff or the plaintiff's attorney . . . shall execute and deliver a release

On January 29, 2001, Melchionne filed motions for summary judgment in which he contended that there were no genuine issues of material fact in dispute and that he was entitled to judgments as a matter of law. He argued that the plaintiffs were not entitled to relief under § 49-13 (c) or damages under § 49-8 (c) because the lis pendens had not become "of no effect" as required by § 49-13 (c).

The plaintiffs, in turn, filed objections to Melchionne's summary judgment motions and filed cross motions for summary judgment in which they argued that there were no genuine issues of material fact in dispute and that they were entitled to judgments as a matter of law. They maintained that by satisfying the foreclosure judgments on the underlying liens, which were the subject of the notices of lis pendens, the lis pendens were rendered "of no effect" and, therefore, they were entitled to judgments as a matter of law. They further maintained that in addition to orders discharging the lis pendens, they were entitled to damages under § 49-8 (c) because Melchionne had failed to release the lis pendens within sixty days of the date of their request to do so as set forth in § 49-13 (a).[4] Finally, the plaintiffs argued that they did not file the certificates of satisfaction of judgment provided to them by Melchionne because he had issued that certificate pursuant to General Statutes § 49-21, which authorizes the filing of a certificate of satisfaction of judgment by a subsequent encumbrancer who redeems by his assigned law day. According to the plaintiffs, § 49-21 is inapplicable in situations in which, as is the case here, the owner of the property has redeemed by his assigned law day.

within sixty days from the date a written request for a release of such encumbrance (1) was sent to such mortgagee, plaintiff or plaintiff's attorney at the person's last-known address . . . . The mortgagee or plaintiff shall be liable for damages to any person aggrieved . . . ."

[4] See footnote 2.

The court denied the plaintiffs' motions for summary judgment. It concluded that, if properly recorded on the land records, the certificates of satisfaction of judgment that Melchionne had provided to the plaintiffs would relate back to the filing of the notices of lis pendenses and, in and of themselves, provide adequate notice that the properties are free of the underlying liens that were the subject of the lis pendens. The court reasoned that the purpose of § 49-21, which is to provide a method of establishing the status of claims relating to the subject property, would have been served had the plaintiffs filed the certificates of satisfaction of judgment on the land records as set forth in § 49-21. Consequently, the court concluded that the plaintiffs were not entitled to discharge of the notices of lis pendens pursuant to § 49-13 (c) or damages pursuant to § 49-8 (c) because to hold otherwise would promote form over substance. The court then rendered summary judgments in favor of Melchionne and denied the plaintiffs' motions for summary judgment. The plaintiffs appeal from those judgments.

"Our standard of review of a court's decision to grant a motion for summary judgment is well established. Practice Book § 17-49 provides in relevant part that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must determine whether the legal conclusions reached by the trial court are legally and logically correct and

whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Brzezinek* v. *Covenant Ins. Co.*, 74 Conn. App. 1, 4, 810 A.2d 306 (2002), cert. denied, 262 Conn. 946, 815 A.2d 674 (2003).

The plaintiffs claim that the court improperly granted Melchionne's motions for summary judgment and failed to grant their motions for summary judgment. Specifically, they claim that the court improperly (1) failed to apply General Statutes § 52-322, which expressly required Melchionne to execute and deliver releases of lis pendens once the plaintiffs satisfied the judgments against them, (2) applied § 49-21, where the statutory predicate to the application of § 49-21 had not been met and (3) rendered the provisions of General Statutes §§ 52-326, 52-322, 49-13 and 49-8 (b) superfluous in holding that after the owner of the equity of redemption redeems by paying the debt, he is then required to record a certified copy of both the certificate of satisfaction of judgment and the judgment of foreclosure in accordance with § 49-21. We address each of those claims in turn.

I

The plaintiffs first claim that the court improperly failed to apply § 52-322[5] to the facts of this case. We disagree.

---

[5] General Statutes § 52-322 provides: "When the estate of any person has been attached in any proceeding wherein a certificate of such attachment or a copy of the writ or proceeding is required by law to be filed in the office of the town clerk, and the plaintiff therein has received satisfaction for his claim, or final judgment has been rendered against him thereon, or when for any reason such attachment has become of no effect, such plaintiff or his attorney, at the request of any person interested in the estate attached or in having the attachment lien removed, shall lodge a certificate with such town clerk that such attachment is dissolved and such lien removed. Each such certificate shall be recorded at length in a book kept for that purpose by such clerk as a part of the land records of the town wherein the property affected by the release is located or wherein the certificate of attachment was filed."

General Statutes § 52-326 provides in relevant part: "The provisions of

The plaintiffs did not bring their petitions for discharge pursuant to § 52-322. Their petitions refer, instead, to § 49-13.[6] Additionally, the plaintiffs seem to argue that because they satisfied the judgments and because Melchionne did not provide a release of lis pendens after they requested him to do so pursuant to § 52-322, the court was *required* to grant their petitions for discharge of lis pendens as a matter of law. We disagree that § 49-13 (c) requires any such result.

Section 49-13 (c) provides in relevant part that "if the court finds the . . . lis pendens . . . has become of no effect, the court *may* render a judgment reciting the facts and its findings in relation thereto and declaring the . . . lis pendens . . . invalid as a lien against the real estate . . . ." (Emphasis added.) We find no language in § 49-13 (c) that fairly could be interpreted to *require* the court to render judgment in favor of the plaintiffs under any set of circumstances. The statute provides that the court *may* render a judgment declaring the lis pendens invalid; our Supreme Court consistently has held that *may* is discretionary rather than mandatory. See *Waterbury* v. *Washington*, 260 Conn. 506, 531, 800 A.2d 1102 (2002); *Seals* v. *Hickey*, 186 Conn. 337, 345–47, 441 A.2d 604 (1982). Moreover, our Supreme Court has concluded that if the petitioner can bring himself within the confines of the statute, the trial court's authority to grant relief under § 49-13 is discretionary rather than mandatory. See *Lesser* v. *Lesser*, 134 Conn. 418, 425, 58 A.2d 512 (1948); *Arnold* v. *Hollister*, 131 Conn. 34, 38–39, 37 A.2d 695 (1944).

We conclude that the plaintiffs in the present cases have not brought themselves within the confines of the

52-322 . . . shall apply, mutatis mutandis, to any lis pendens recorded according to the provisions of section 52-325 . . . ." In the present case, Melchionne filed the notice of lis pendens pursuant to § 52-325.

[6] In their prayers for relief, the plaintiffs expressly sought "[e]ntry of a judgment pursuant to Section 49-13 (c) declaring the Lis Pendens . . . invalid . . . ."

statute and, therefore, the court correctly determined that Melchionne was entitled to judgments as a matter of law.

Section "49-13 authorizes an action in which affirmative relief may be granted if, and only if, the requirements of the statute are met." *Simonelli* v. *Fitzgerald*, 156 Conn. 49, 53, 238 A.2d 418 (1968). It provides in relevant part: "When the record title to real property is *encumbered* . . . (3) by [a] . . . *lis pendens or other lien* which has become of no effect, the person owning the property . . . may bring a petition to the superior court within the judicial district in which the property is situated, setting forth the facts and claiming a judgment as hereinafter provided. . . ." (Emphasis added.) General Statutes § 49-13 (a).

Generally, a notice of lis pendens is simply a notice that, when properly recorded, warns third parties, such as prospective purchasers, that the title to the property is in litigation; "[t]he doctrine underlying lis pendens is that a person who deals with property while it is in litigation does so at his peril . . . ." (Internal quotation marks omitted.) *Williams* v. *Bartlett*, 189 Conn. 471, 480, 457 A.2d 290, appeal dismissed, 464 U.S. 801, 104 S. Ct. 46, 78 L. Ed. 2d 67 (1983). An encumbrance is a burden on the title and, as such, impedes its transfer. Ballentine's Law Dictionary (3d Ed. 1969).

"In certain types of actions, such as a quiet title action brought by a person claiming by adverse possession, a lis pendens rises to the level of an independent encumbrance in favor of that person, who otherwise has no record interest in the subject property. In a foreclosure of a . . . lien . . . the lis pendens does not create an interest that is separate and distinct from the underlying interest being foreclosed. The sole purpose of the lis pendens in such an action is to give constructive notice to persons who may subsequently acquire an interest

in the property, and cause them to be bound by the proceedings. Consequently, if the underlying . . . lien has been released, the continued presence of an unreleased lis pendens noticing a foreclosure of that encumbrance is inconsequential and does not impair marketability." Connecticut Bar Association, Connecticut Standards of Title (1999) standard 18.6, comment four. In other words, in such circumstances, the lis pendens is not an encumbrance or burden on the record title of the subject property. "Failure to release a lis pendens, which gives notice of the pendency of an action to foreclose a mortgage or lien, does not impair marketability if the underlying mortgage or lien has itself been released or if there has been a final judgment in the foreclosure action . . . ." Id., standard 18.6.

In the present case, the sole purpose of the notices of lis pendens was to provide notice of the foreclosure proceedings regarding the condominium fees; they did not rise to the level of independent encumbrances on the plaintiffs' properties. Furthermore, once the foreclosure judgments entered and the plaintiffs satisfied the judgments and Melchionne provided the plaintiffs with certificates of satisfaction of judgment evidencing that the judgments had been satisfied, any unreleased lis pendens would have become of no consequence. Moreover, the plaintiffs failed to offer any proof that their properties were encumbered by the unreleased lis pendens such that it has impaired the marketability of title. On the contrary, the plaintiffs conceded at oral argument that since the time of judgment, they have sold at least one of their six condominium units, providing the buyer with good title. Accordingly, we conclude that because the plaintiffs' properties were not *encumbered* by the notices of lis pendens, they could not properly invoke the court's authority under § 49-13 (c) to discharge the lis pendens as liens against the properties.

Our holding is in keeping with the court's reasoning that it should not declare the lis pendens invalid as a lien because in doing so it would be performing an unnecessary act. We agree with the court that the law does not require the performance of an unnecessary or useless act. *Barrett-Nonpareil, Inc.* v. *Stoll,* 168 Conn. 79, 83, 357 A.2d 481 (1975). The court noted that the statutory purpose of providing notice of the status of claims relating to the subject property would have been served had the plaintiffs filed a certified copy of the certificates of the satisfaction of judgment on the land records, as provided by § 49-21. In so doing, the court recognized that once the foreclosure judgments entered and subsequently were satisfied, the unreleased lis pendens, which simply noticed the foreclosure proceedings, was of no consequence and, therefore, it was unnecessary for the court to declare the lis pendens invalid as liens against the property.

## II

The plaintiffs next claim that the certificates of satisfaction of judgment that Melchionne issued to them pursuant to § 49-21 could not properly be filed on the land records because § 49-21 is inapplicable to the facts of this case. That claim is without merit.

Section 49-21 provides: "When, in any action of foreclosure, any defendant has paid the debt and costs and the title to the mortgaged premises has become absolute in such defendant, or any person claiming under him, in accordance with the provisions of sections 49-19 and 49-20, the plaintiff or person receiving such payment, either in person or by his agent or attorney, shall sign and deliver to the defendant a certificate of satisfaction of the judgment of foreclosure stating the name and residence of the defendant. The certificate shall be filed by him forthwith with the clerk of the court in which the judgment was rendered. A certified copy of the

certificate of satisfaction of judgment, and of the judgment, or of a certificate of judgment of strict foreclosure or a certificate of judgment of foreclosure by sale shall be forthwith filed by the defendant for record in the land records of the town where such premises are situated."

The plaintiffs claim that § 49-21 is inapplicable because the statutory predicate to the application of § 49-21 had not been met. Specifically, they claim that § 49-21 is inapplicable because in the underlying foreclosure actions, title never vested absolutely in any defendant, which vesting is a condition precedent to the applicability of § 49-21. We disagree.

Comment one of standard 19.7 of the standards of title proves helpful in resolving the plaintiffs' claim. It provides in relevant part that § 49-21 "requires that a plaintiff in a foreclosure action provide a redeeming defendant with a certificate of satisfaction of judgment, stating the name and residence of the redeeming party. That person is then required to file the satisfaction of judgment with the clerk of the court in which the judgment was rendered. The redeeming defendant must then obtain from the clerk of the court, and record on the land records, both a certified copy of the satisfaction of judgment and the original certificate of judgment of strict foreclosure or certificate of judgment of foreclosure by sale.

*"When a defendant owner redeems, whether it be in a strict foreclosure or in a foreclosure by sale, no transfer of title occurs. All that occurs is that the owner has satisfied the judgment and has thereby avoided what otherwise would have been the effect of the decree, viz. an extinguishment of the equity of redemption."* (Emphasis added.) Connecticut Bar Association, Standards of Title, supra, standard 19.7, comment one; see also D. Caron, Connecticut Foreclosures (3d Ed. 1997) § 9.02C, p. 239.

Accordingly, we conclude that where, as here, a defendant owner redeems, title need not become absolute in the defendant owner as a condition precedent to the applicability of § 49-21.

Furthermore, the plaintiffs seem to argue that it would be inappropriate for them to file the certificates of satisfaction of judgment on the land records because the certificates will indicate to a title searcher that title has, in fact, vested in the plaintiffs and, therefore, the certificates will cloud title to the property further. That argument is without merit because, as we have stated, when a defendant owner redeems, no transfer of title occurs. See Connecticut Bar Association, Standards of Title, supra, standard 19.7. We also note that even when a subsequent encumbrancer redeems, the effect of redemption is determined not by the satisfaction of judgment, but rather by the terms of the foreclosure decree. See id., standard 19.7 (c). "The satisfaction of judgment and the certificate of judgment of strict foreclosure are not the muniments of title." Id.

III

Finally, the plaintiffs claim that the court improperly rendered the provisions of §§ 52-326,[7] 52-322, 49-13 and 49-8 superfluous in holding that when the owner of the equity of redemption redeems by paying the debt, he or she is required to record a certified copy of both the certificate of satisfaction of judgment and the judgment of foreclosure on the land records in accordance with § 49-21.

Specifically, the plaintiffs assert that the court "erred in ruling that the plaintiffs are required to file a certified copy of the certificate of satisfaction and of the judgment on the land records pursuant to § 49-21 because the court's ruling conflicts with the statutory proce-

---

[7] See footnote 5.

dures set forth in §§ 52-322, 52-326, 49-8 and 49-13 of the General Statutes." The plaintiffs have failed, however, to provide this court with any analysis supporting that assertion. "Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . We will not review claims absent law and analysis." (Internal quotation marks omitted.) *Wachter* v. *UDV North America, Inc.*, 75 Conn. App. 538, 545–46, 816 A.2d 668 (2003).

The judgment is affirmed.

In this opinion the other judges concurred.