******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

LILLY M. GIBSON *v.* JEFFERSON WOODS
COMMUNITY, INC., ET AL.
(AC 43849)

Elgo, Cradle and DiPentima, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property, a
condominium unit, owned by the defendant P. The defendant J Co.
was the condominium association for the complex, which included the
condominium unit at issue. The previous owner of the unit, T, had
executed a note and mortgage in favor of M, which was recorded in
the land records. J Co. thereafter recorded a lis pendens on the unit in
the land records and commenced a foreclosure action against T and M
in which it sought a judgment of strict foreclosure as to its condominium
common charge lien on the property. The trial court in that prior foreclo-
sure action rendered a judgment of strict foreclosure. M assigned to
the plaintiff his rights, title and interest in the mortgage note and deed
encumbering the property, and the plaintiff recorded in the land records
the assignment of that interest five days before the law days were set
to run. No party redeemed and no party appealed the judgment of strict
foreclosure. J Co. then sold the unit to P. Several years later, the plaintiff
brought this action against, inter alia, J Co. and P, in which she sought
the foreclosure of the mortgage that M had assigned to her and damages
for unjust enrichment. The trial court granted the motion to dismiss
filed by J Co. on the ground that the plaintiff lacked standing. From the
judgment rendered thereon, the plaintiff appealed to this court. *Held*:
1. The plaintiff could not prevail on her claim that the trial court improperly
granted J Co.'s motion to dismiss count one of her complaint on the
ground that she lacked standing, which was based on her claim that
the mortgage that she sought to foreclose had not been extinguished
in the prior foreclosure action: when the law day passed for the mortgage
that M had assigned to the plaintiff, her right to redeem the property
ended and, although the plaintiff had constructive notice of the prior
action, she did not litigate the issue of subject matter jurisdiction in
that prior action or file any motion or appearance, and she did not
attempt to appeal from the judgment of strict foreclosure; moreover,
there were no exceptional circumstances that existed to permit the
plaintiff to collaterally attack the jurisdiction of the trial court in the
prior foreclosure action, when the plaintiff commenced this action
approximately three years after the conclusion of the prior action and
after title to the property had absolutely vested in J Co., and the plaintiff's
claim that the jurisdictional prerequisites to maintaining a foreclosure
action on a common charge lien pursuant to the applicable statute
(§ 47-258 (m) (1)) were not satisfied overlooked established law that a
collateral attack on a final judgment is disfavored, and the question of
whether the jurisdictional requirements in § 47-258 (m) (1) were satisfied
in the prior action were not obvious from the record.
2. The trial court properly granted J Co.'s motion to dismiss the unjust
enrichment count of the plaintiff's complaint on the ground that she
lacked standing: notwithstanding the plaintiff's claim that her interest
in the mortgage was not extinguished in the prior foreclosure action
because the trial court in that action lacked jurisdiction, the plaintiff
could not prevail on this claim, as that mortgage was extinguished in
the prior action when title to the property became absolute in J Co.

Argued May 12—officially released August 3, 2021

*Procedural History*

Action seeking to foreclose a mortgage on certain
real property, and for other relief, brought to the Supe-
rior Court in the judicial district of New Haven, where
the court, *Baio, J.*, granted the named defendant's
motion to dismiss and rendered judgment thereon, from

which the plaintiff appealed to this court. *Affirmed*.

*Joseph S. Elder*, for the appellant (plaintiff).

*Kristen Schultze Greene*, for the appellee (named defendant).

*Kenneth M. Rozich*, with whom, on the brief, was *Kyle R. Barrett*, for the appellee (defendant Joseph R. Pagliaro).

*Opinion*

DiPENTIMA, J. The plaintiff, Lilly M. Gibson, appeals from the judgment of the trial court granting the motion of the defendant Jefferson Woods Community, Inc. (Jefferson Woods),[1] to dismiss the action. On appeal, Gibson claims that, in granting Jefferson Woods' motion to dismiss, the court improperly determined that she lacked standing (1) to seek foreclosure and (2) to pursue her claim of unjust enrichment. We disagree and, accordingly, affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. Jefferson Woods was the condominium association for the complex that included the condominium unit at issue, unit number 23, located at 23 Monticello Drive in Branford (property). In 2009, the owner of the property, Priscilla B. Taylor, executed a note and mortgage in favor of Marvin Blassingdale in the amount of $150,000, which encumbered the property and which Blassingdale recorded in the Branford land records.

On February 6, 2015, Jefferson Woods recorded a lis pendens on the property in the Branford land records. Jefferson Woods commenced a foreclosure action, *Jefferson Woods Community, Inc.* v. *Taylor*, Superior Court, judicial district of New Haven, Docket No. CV-15-6052876-S, against, inter alia, Taylor and Blassingdale in which it sought a judgment of strict foreclosure as to its condominium common charge lien on the property (prior foreclosure action). Jefferson Woods listed in its complaint in that action the prior interests, which included the $150,000 mortgage from Taylor to Blassingdale, as well as subsequent interests. Blassingdale was defaulted for failure to appear. On May 21, 2016, Blassingdale assigned to Gibson all of his rights, title and interest in the $150,000 mortgage note and deed that encumbered the property, which Gibson recorded in the Branford land records on May 26, 2016. The trial court in the prior foreclosure action, *Hon. Anthony Avallone*, judge trial referee, rendered a judgment of strict foreclosure on April 11, 2016, with law days beginning on May 31, 2016. No party redeemed and no party appealed the judgment of strict foreclosure. In October, 2016, Jefferson Woods sold the property to Joseph R. Pagliaro.

In 2019, Gibson brought the present action in which she sought the foreclosure of the $150,000 mortgage (count one) and damages for unjust enrichment (count two). Jefferson Woods filed a motion to dismiss on the ground that Gibson lacked standing as to both counts of the complaint. The court, *Baio, J.*, granted the motion, reasoning that Gibson lacked standing to pursue the foreclosure claim because the mortgage had been extinguished in the prior foreclosure action and that she also lacked standing to pursue her unjust enrichment

claim. This appeal followed.

At the outset we note the following standards of review applicable to both claims raised on appeal. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . [I]n determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Hayes Family Ltd. Partnership* v. *Glastonbury*, 132 Conn. App. 218, 221–22, 31 A.3d 429 (2011).

I

Gibson first claims that the court improperly granted Jefferson Woods' motion to dismiss count one of her complaint on the ground that she lacked standing because the mortgage that she sought to foreclose had been extinguished in the prior foreclosure action. She contends that the judgment in the prior foreclosure action is null and void because the statutory jurisdictional prerequisites in General Statutes § 47-258 (m) (1) were not satisfied, thereby causing the trial court in the prior foreclosure action to lack jurisdiction. We disagree.

The mortgage that Gibson sought to foreclose was extinguished by virtue of the prior foreclosure action. In the prior foreclosure action, Jefferson Woods, as the mortgagee, sought to foreclose on its common charge lien on the property. When Blassingdale assigned to Gibson all of his rights, title and interest in the mortgage, those rights, title and interest were subject to Jefferson Woods' lis pendens and, thus, subject to the outcome of the prior foreclosure action. See, e.g., *Ghent* v. *Meadowhaven Condominium, Inc.*, 77 Conn. App. 276, 284–85, 823 A.2d 355 (2003) (lis pendens warns third parties that property is in litigation and causes them to be bound by proceedings).

When the law day passed for the mortgage that Blassingdale had assigned to Gibson, her right to redeem the property ended. See *Barclays Bank of New York* v.

*Ivler*, 20 Conn. App. 163, 166–67, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989). Because there was no appellate stay in effect when the law days began to run on May 31, 2016, absolute title to the property transferred to Jefferson Woods as a matter of law after all law days expired. See, e.g., *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 100–101, 172 A.3d 1263 (2017). The final law day was June 6, 2016, and when none of the seven defendants in the prior foreclosure action redeemed, title vested in Jefferson Woods on June 7, 2016.

"Where a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the [redeeming encumbrancer] . . . . *The mortgagor has no remaining title or interest which he may convey.* . . . Provided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . it is not within the power of appellate courts to resuscitate the mortgagor's right of redemption or otherwise to disturb the absolute title of the redeeming encumbrancer." (Citations omitted; emphasis added; internal quotation marks omitted.) *Barclays Bank of New York* v. *Ivler*, supra, 20 Conn. App. 166–67.

Gibson did not file any motion or an appearance in the prior foreclosure action, nor did she attempt to appeal from the judgment of strict foreclosure. Rather, approximately three years after the conclusion of the prior foreclosure action and after title to the property had vested absolutely in Jefferson Woods, she commenced a *separate* action in which she collaterally attacked the jurisdiction of the trial court in the prior foreclosure action.

"[F]inal judgments are . . . presumptively valid . . . and collateral attacks on their validity are disfavored. . . . Unless it is *entirely invalid* and that fact is disclosed by an inspection of the record itself the judgment is invulnerable to indirect assaults upon it. . . . [I]t is now well settled that, [u]nless a litigant can show an absence of subject matter jurisdiction that makes the prior judgment of a tribunal *entirely invalid*, he or she must resort to direct proceedings to correct perceived wrongs . . . . A collateral attack on a judgment is a procedurally impermissible substitute for an appeal. . . . [A]t least where the lack of jurisdiction is *not entirely obvious*, the critical considerations are whether the complaining party had the opportunity to litigate the question of jurisdiction in the original action, and, if [s]he did have such an opportunity, whether there are strong policy reasons for giving [her] a second opportunity to do so." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Sousa* v. *Sousa*, 322 Conn. 757, 771–72, 143 A.3d 578 (2016).

Gibson argues that the jurisdictional prerequisites to

maintaining a foreclosure action on a common charge lien in § 47-258 (m) (1)[2] were not satisfied. She contends that "nowhere in [Jefferson Woods'] complaint did [it] allege or claim that it had satisfied the mandatory subject matter jurisdictional requirements set forth in . . . § 47-258 (m) (1) allowing it to commence the subject foreclosure action; there being nothing in its complaint alleging that [Jefferson Woods] had made demand for payment in a record and had simultaneously provided a copy of such record to the holder of a security interest described in subdivision (2) of subsection (b) of § 47-258, including Gibson's assignor . . . Blassingdale, and that the executive board had either voted to commence a foreclosure action specifically against the subject unit or had adopted a standard policy that provided for foreclosure against that unit." Gibson argues that, because jurisdictional prerequisites were lacking, the judgment in the prior foreclosure action is subject to collateral attack because the trial court in the prior foreclosure action lacked subject matter jurisdiction. We are not persuaded.

The Common Interest Ownership Act, General Statutes § 47-200 et seq., creates in § 47-258 (a) a statutory lien for delinquent common expense assessments, authorizes in § 47-258 (j) the foreclosure of that lien and provides in § 47-258 (m) (1) jurisdictional prerequisites for maintaining the statutorily created foreclosure action. Our Supreme Court has held that "[t]he statutory language [of § 47-258 (m) (1)] indicates that the legislature intended the three conditions necessary for commencing an action to foreclose a common charges lien to be jurisdictional prerequisites. [Section 47-258 (m) (1)] provides that '[a]n association *may not commence* an action to foreclose a lien on a unit owner under this section *unless*' it satisfies certain prescribed conditions. . . . The legislature could have phrased the requirement that a board adopt a policy or vote to commence proceedings as a limitation on a court's ability to grant relief. . . . Instead, it phrased the requirement as a condition precedent to the commencement of the action itself. Thus, the adoption of a standard foreclosure policy is a condition precedent to any right of action. Until [a vote is taken or a procedure is adopted] no such right exists." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Neighborhood Assn, Inc.* v. *Limberger*, 321 Conn. 29, 48–49, 136 A.3d 581 (2016).

In making this argument, Gibson overlooks our established law that a collateral attack on a final judgment is disfavored and permitted only in rare instances. "[T]o be entirely obvious and sustain a collateral attack on a judgment . . . a jurisdictional deficiency must amount to a fundamental mistake that is so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority. . . . Indeed, the United States Supreme Court has observed that

such collateral attack should be permitted only in rare instance[s], and only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." (Citations omitted; internal quotation marks omitted.) *Sousa* v. *Sousa*, supra, 322 Conn. 773. Here, the question of whether the jurisdictional requirements in § 47-258 (m) (1) were satisfied in the prior foreclosure action is not obvious from the record in the prior foreclosure action.

In that action, Gibson neither filed an appearance nor raised the issue of any lack of compliance with the jurisdictional requirements in § 47-258 (m) (1) on the part of Jefferson Woods. The record in the prior foreclosure action is silent as to whether the board voted to institute the particular action or to adopt a standard foreclosure policy. Therefore, because Gibson has not shown by an inspection of the record in the prior foreclosure action that the final judgment is "entirely invalid," that judgment "is invulnerable to indirect assaults upon it." (Emphasis omitted; internal quotation marks omitted.) Id., 771. "The reason for the rule against collateral attack is well stated in these words: The law aims to invest judicial transactions with the utmost permanency consistent with justice. . . . Public policy requires that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown. . . . [T]he law has established appropriate proceedings to which a judgment party may always resort when [s]he deems [herself] wronged by the court's decision. . . . If [s]he omits or neglects to test the soundness of the judgment by these or other direct methods available for that purpose, [s]he is in no position to urge its defective or erroneous character when it is pleaded or produced in evidence against [her] in subsequent proceedings." (Internal quotation marks omitted.) Id.

Having determined that the lack of subject matter jurisdiction in the prior foreclosure action is not entirely obvious, we examine the "critical considerations," namely, "whether the complaining party had the opportunity to litigate the question of jurisdiction in the original action, and, if [s]he did have such an opportunity, whether there are strong policy reasons for giving [her] a second opportunity to do so." (Internal quotation marks omitted.) Id., 772.

Gibson had notice of the prior foreclosure action and had an opportunity to litigate the issue of subject matter jurisdiction in that action. As Gibson alleged in her complaint, Jefferson Woods recorded a lis pendens on the property in the Branford land records on February 6, 2015, and on May 26, 2016, she recorded in the Branford land records the interest in the mortgage and note that Blassingdale had assigned to her. When Gibson recorded her interest five days before the law days were set to run in the prior foreclosure action, she was placed

on constructive notice of the then pending prior foreclosure action. "[A] notice of lis pendens . . . when properly recorded, warns third parties, such as prospective purchasers, that the title to the property is in litigation; [t]he doctrine underlying lis pendens is that a person who deals with property while it is in litigation does so at [her] peril . . . . An encumbrance is a burden on the title and, as such, impedes its transfer. . . . The sole purpose of the lis pendens in such an action is to give constructive notice to persons who may subsequently acquire an interest in the property, and cause them to be bound by the proceedings." (Citations omitted; internal quotation marks omitted.) *Ghent* v. *Meadowhaven Condominium, Inc.*, supra, 77 Conn. App. 284–85; see General Statutes § 52-325 (a) (notice of lis pendens from time of recording provides "notice to any person thereafter acquiring any interest in the property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained . . . shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, *to the same extent as if* [s]*he were made a party to the* action" (emphasis added)); see also *Goldberg* v. *Parker*, 87 Conn. 99, 108, 87 A. 555 (1913). Despite having constructive notice that her assigned interest in the mortgage note was subject to the outcome of the then pending prior foreclosure action, Gibson did not file any motion attacking the jurisdiction of the trial court in the prior foreclosure action

Moreover, no strong policy reasons exist for providing Gibson a second opportunity to litigate the issue.[3] Rather, there are strong policy reasons supporting the finality of foreclosure judgments. See, e.g., *Barclays Bank of New York* v. *Ivler*, supra, 20 Conn. App. 166–67. Moreover, we "are . . . [unaware] of any strong policy reason to allow [an] otherwise disfavored collateral attack on [a] foreclosure judgment." *Bank of New York Mellon* v. *Tope*, 202 Conn. App. 540, 552, 246 A.3d 4, cert. granted, 336 Conn. 950, 251 A.3d 618 (2021). For the foregoing reasons, we determine that exceptional circumstances do not exist to permit a collateral attack on the jurisdiction of the trial court in the prior foreclosure action.

When Gibson commenced the present action in 2019, she was not entitled to enforce the mortgage that had been extinguished in 2016. See *Property Asset Management, Inc.* v. *Lazarte*, 163 Conn. App. 737, 746, 138 A.3d 290 (2016) ("[g]enerally, in order to have standing to bring a foreclosure action the plaintiff must, at the time the action is commenced, be entitled to enforce the promissory note that is secured by the property" (emphasis omitted; internal quotation marks omitted)). Accordingly, we conclude that the court properly dismissed count one of the complaint for lack of standing.

## II

Gibson next claims that the court improperly granted Jefferson Woods' motion to dismiss the unjust enrichment count of her complaint on the ground that she lacked standing to maintain such a claim. We disagree.

"Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment. . . . This doctrine is based upon the principle that one should not be permitted unjustly to enrich himself at the expense of another but should be required to make restitution of or for property received, retained or appropriated." (Internal quotation marks omitted.) *Schirmer* v. *Souza*, 126 Conn. App. 759, 763, 12 A.3d 1048 (2011).

In the second count of her complaint, Gibson alleged that the judgment in the prior foreclosure action was void because, in that case, Jefferson Woods had not established that it had satisfied the jurisdictional requirements of § 47-258 (m) (1). She alleged that Jefferson Woods benefitted unjustly as a result of the judgment of strict foreclosure in the prior foreclosure action to her detriment.

Gibson argues that the court improperly determined that she "lacked standing to maintain an action for unjust enrichment because her mortgage interest had been extinguished by a statutorily sanctioned prior strict foreclosure action, despite [Gibson's] undisputed factual allegations that the prior judgment relied upon was null and void . . . the statutory jurisdictional conditions precedent required by . . . § 47-258 (m) (1) being absent." As she did in her first claim in this appeal, Gibson argues that her interest in the mortgage was not extinguished in the prior foreclosure action because the trial court lacked jurisdiction due to Jefferson Woods' failure to satisfy the jurisdictional prerequisites of § 47-258 (m) (1). Gibson cannot prevail on this argument for the reasons we set forth in part I of this opinion.[4]

Gibson bases her unjust enrichment claim on the right, title and interest in the note and mortgage Blassingdale assigned to her. That mortgage, however, was extinguished in the prior foreclosure action when title to the property became absolute in Jefferson Woods. See part I of this opinion. Accordingly, we conclude that the court properly dismissed the unjust enrichment count of the complaint for lack of standing.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint also named as defendants the Department of Revenue Services, Priscilla B. Taylor, Samuel Miller, Mark Williams, Samuel Kearse and Joseph R. Pagliaro. The Department of Revenue Services, Taylor, Miller, Williams and Kearse did not participate in this appeal.

The present appeal was taken from the judgment of the court granting Jefferson Woods' motion to dismiss. Thereafter, the trial court granted Pagliaro's motion to dismiss, which raised arguments similar to those raised in Jefferson Woods' motion. No appeal was taken from that ruling. Gibson's appellate brief, however, raises claims as to both rulings, and Pagliaro filed a responsive appellate brief defending the merits of the ruling.

This court lacks jurisdiction to review the ruling granting Pagliaro's motion to dismiss. See Practice Book § 61-9 ("[s]hould the trial court, subsequent to the filing of a pending appeal, make a decision that the appellant desires to have reviewed, the appellant shall file an amended appeal within twenty days from the issuance of notice of the decision"); see also *Juliano* v. *Juliano*, 96 Conn. App. 381, 386, 900 A.2d 557, cert. denied, 280 Conn. 921, 908 A.2d 544 (2006). We note, however, that in granting Pagliaro's motion to dismiss, the court explained that it was doing so "[o]n the same bases as set forth in the decision addressing [the] motion to dismiss [of Jefferson Woods]."

[2] General Statutes § 47-258 (m) (1) provides: "An association may not commence an action to foreclose a lien on a unit under this section unless: (A) The unit owner, at the time the action is commenced, owes a sum equal to at least two months of common expense assessments based on the periodic budget last adopted by the association pursuant to subsection (a) of section 47-257; (B) the association has made a demand for payment in a record and has simultaneously provided a copy of such record to the holder of a security interest described in subdivision (2) of subsection (b) of this section; and (C) the executive board has either voted to commence a foreclosure action specifically against that unit or has adopted a standard policy that provides for foreclosure against that unit."

[3] The policy reasons that are examined when determining whether to give a plaintiff a second bite at the apple include "whether the litigation is a collateral or direct attack on the judgment, whether the parties consented to the jurisdiction originally, the age of the original judgment, whether the parties had an opportunity originally to contest jurisdiction, the prevention of a miscarriage of justice, whether the subject matter is so far beyond the jurisdiction of the court as to constitute an abuse of authority, and the desirability of the finality of judgments." (Internal quotation marks omitted.) *Sousa* v. *Sousa*, supra, 322 Conn. 784.

[4] Jefferson Woods relies on *Hudson House Condominium Assn., Inc.* v. *Brooks*, 223 Conn. 610, 611 A.2d 862 (1992) (*Hudson*) to argue that Gibson lacks standing to pursue her unjust enrichment claim because the mortgage was extinguished by function of a statutory enactment.

This reliance on *Hudson* to argue a lack of standing is misplaced. In *Hudson*, our Supreme Court addressed the merits of the plaintiff's claim and held that the defendant could not be unjustly enriched by the clear statutory enactment of § 47-258. Id., 615. "The question of standing does not involve an inquiry into the merits of the case." (Internal quotation marks omitted.) *State* v. *Iban C.*, 275 Conn. 624, 664, 881 A.2d 1005 (2005).