HOUSING AUTHORITY OF THE CITY OF NEW HAVEN *v.* ERNEST W. JONES ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-684-35654

Argued November 18—decided December 2, 1968

*Stephen Rose,* of New Haven, for the appellants (defendants).

*Herbert G. Hyman,* of New Haven, for the appellee (plaintiff).

JACOBS, J. This is a summary proceeding brought to dispossess the defendants, in possession of premises located at 143 Dixwell Avenue, in the city of New Haven, because of nonpayment of rent for the month of April, 1968. On August 7, 1968, the court rendered judgment for the plaintiff to "recover . . . immediate possession of [said] premises."

Within the time limited by statute; General Statutes § 52-542; the defendants appealed from the judgment and with the appeal filed a motion addressed to this court entitled "Motion to Determine Bond," in which we are asked "to determine the amount of the bond to be posted upon the appeal and the nature of the security to be given with that bond." On August 14, 1968, the plaintiff filed a motion to dismiss the appeal for failure of the defendants to give sufficient bond with security as required by § 52-542. Since the motion to dismiss the appeal was filed within the ten-day period required for filing such a motion under Practice Book § 976, it cannot be said that the plaintiff waived its right to a bond with security. See *Jensen* v. *Nationwide Mutual Ins. Co.,* 147 Conn. 722, 723.

"At common law, the action in ejectment was the landlord's chief judicial remedy for the removal of a tenant." Berger, Land Ownership and Use, p. 360.

"But the action of ejectment on account of the length of time and expense involved in order to obtain a legal judgment therein was found to be inadequate to protect the rights of landlords, while it afforded irresponsible and dishonest tenants a shield to enable them to defy and resist the lessor after his right of possession had become complete." 2 McAdam, Landlord and Tenant (5th Ed.) § 269, p. 1135. The nineteenth century witnessed a new remedy, the so-called summary proceeding, of which an 1806 Connecticut statute was typical. Public Acts 1806, p. 729; Statutes, 1808, p. 450; see *Lorch* v. *Page,* 97 Conn. 66, 72; *Fort Orange Barbering Co.* v. *New Haven Hotel Co.,* 92 Conn. 144, 150; *Marsh* v. *Burhans,* 79 Conn. 306, 308; 1 Swift, Digest, 511 (1822). Our statute was modeled on an English statute (11 Geo. 2, c. 19, [1737]), which "provided a summary manner of recovering possession of real property when the tenant either abandoned the leased premises during the term without surrendering the lease, or continued in possession after the expiration of his term, or became unable or unwilling to compensate the landlord for the value of the use and occupation of the premises. This statute was designed to dispense with the tedious delays of the common law action of ejectment and to enable the landlord to speedily regain lawful possession of the demised premises in case his tenant held over and refused to surrender, abandoned during the term, or failed to pay the rent promptly according to the terms of the lease. This act has been the foundation for legislative enactments in most of the States of the Union." 2 McAdam, loc. cit.; see *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 530; *Brodner* v. *Swirsky,* 86 Conn. 32, 35; *Colt* v. *Eves,* 12 Conn. 243, 259.

The statute relative to actions of summary process for recovery of possession confers new

rights and prescribes a remedy by a course of proceeding unknown to the common law; it confers a special power over a subject and prescribes a specific mode for its exercise. See *Vogel* v. *Bacus,* 133 Conn. 95, 97; *Lorch* v. *Page,* supra, 69; *White* v. *Bailey,* 14 Conn. 271, 277; *Du Bouchet* v. *Wharton,* 12 Conn. 533, 539. "Because of the summary nature of this remedy, the statute granting it has been narrowly construed and strictly followed." *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 600.

Prior to the establishment of the Circuit Court, "[t]he only method of reviewing an original judgment in summary process . . . [was] by writ of error." Maltbie, Conn. App. Proc. § 241, p. 301. "With the establishment of the circuit court in 1959, the statute providing for the review of judgments of summary process by writ of error was repealed. Gen. Stat., 1959 Sup., § 52-274. Jurisdiction of summary process is now vested in the circuit court; Gen. Stat., 1959 Sup., § 52-2a; it is reviewable as is any other of its judgments." Maltbie, op. cit. § 241 (Sup. 1961); see Rubinow, "Circuit Court Civil Jurisdiction and Procedure" § 191e, in Stephenson, Conn. Civil Proc. (Sup. 1966); *Sun Oil Co.* v. *Keane,* 2 Conn. Cir. Ct. 524, 525 n.1; *West Haven Housing Authority* v. *Simmons,* 5 Conn. Cir. Ct. 282, 284.

Section 52-542 provides that "[w]hen any appeal is taken by the defendant in an action of summary process, he shall give a sufficient bond with surety to the adverse party, to answer for all rents that may accrue or, where no lease had existed, for the reasonable value for such use and occupancy, during the pendency of such appeal, or which may be due at the time of its final disposal." Our Supreme Court has said that the giving of security is essential to the validity of the appeal. *Palmer* v. *Des Reis,*

136 Conn. 627, 630. It does not necessarily follow that an appeal not accompanied by security is void; cf. *State* v. *Pallotti,* 119 Conn. 70, 74; "the rule means that the appeal is voidable and unless attacked the court will consider it." Maltbie, op. cit. § 120, p. 143, citing *Palmer* v. *Des Reis,* 135 Conn. 388, 389. "This result was achieved because the security required 'is solely for the protection of the appellee' and may be waived by him." *Jensen* v. *Nationwide Mutual Ins. Co.,* 147 Conn. 722, 723. The plaintiff having taken seasonable advantage of its statutory right to security, we must give consideration to the motion to dismiss.

We turn to the question whether this court has the power to pass on the defendants' motion to determine or fix the amount of the appeal bond. We find no statutory authority vesting the Appellate Division with power to determine or fix the amount of the appeal bond "and the nature of the security to be given with that bond." "As a rule the court granting an appeal is the only court vested with the power to fix the amount of the appeal bond or undertaking, and it cannot be fixed by the appellate court in the absence of statutory authority." 4A C.J.S. 262, Appeal and Error, § 545 (b); see *Doudell* v. *Shoo,* 158 Cal. 50; *Meyers, Whitty & Hodge, Inc.* v. *Popich Marine Construction, Inc.,* 143 So. 2d 739, 742 (La. App.); *Harjo* v. *Aubrey,* 184 Okla. 344; *Winberly* v. *Homeland Realty Co.,* 131 S.W.2d 423 (Tex. Civ. App.). *"Where the statute makes no provision for fixing the amount* the court granting the appeal must fix such an amount as will be adequate for the protection of the appellee." 4A C.J.S. 262, Appeal and Error, § 545 (a); see *Ricci* v. *Bove's Executor,* 116 Vt. 335, 339. Where the appeal bond is deemed to be insufficient by the party whose interest may be adversely affected by the appeal, "additional security may be ordered by the court from

whose judgment the appeal was taken or any judge thereof, on motion and notice to the adverse party." Maltbie, op. cit. § 120, p. 144.[1]

Since we do not have the power or authority to determine or fix the amount of the appeal bond, our conclusion that the appeal is not properly pending exhausts our jurisdiction and precludes consideration of it. "Want of bond with surety, where bond with surety is by statute a prerequisite of review, furnishes a sufficient ground of dismissal of the appeal." *West Haven Housing Authority* v. *Simmons*, 5 Conn. Cir. Ct. 282, 288. These requirements are controlling and jurisdictional.

The defendants' motion to determine bond is denied; the appeal is dismissed.

In this opinion KOSICKI and KINMONTH, Js., concurred.

---

[1] In England on appeal the appellant is required to deposit a sum fixed by the judge not exceeding the amount of the money or value of the thing affected by the order or judgment or give such security for said sum as the judge may direct. 1 Woodfall, Landlord and Tenant (26th Ed.) § 2362, p. 1083.