MARTIN WOLF, TRUSTEE *v.* MAE CARDEN

FILE No. CV 1-723-51597

MARTIN WOLF, TRUSTEE *v.* SHIRLEY STOKES

FILE No. CV 1-723-51602

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

Argued June 20—decided June 29, 1972

*Charles A. Pirro III*, of South Norwalk, for the appellants (defendants).

*Richard R. Gerken*, of Norwalk, for the appellee (plaintiff).

PER CURIAM. In these companion appeals the plaintiff landlord had brought eviction proceedings against the defendant tenants, occupants of apartments in a building owned by the plaintiff. The writ and complaint in each case are dated March 6, 1972. The record does not reveal when service was made on the defendants, but each complaint was filed in the Circuit Court for the first circuit on March 14, 1972. On April 13, 1972, the plaintiff filed an amended complaint against each defendant. The next pleading in the record is a motion for disclosure of defense or judgment filed May 2, 1972. On May 8, 1972, the trial court, *Moraghan, J.*, entered an order of default for failure of the defendants to disclose a defense and thereupon rendered judgment for immediate possession of the premises. On May 12, 1972, the defendant in each case filed an appeal.

As part of her appeal, each defendant filed a document captioned "Bond" in which she guaranteed payment of all rents which became due and payable during the pendency of the appeal. Another document, captioned "Surety" and also attached, purports to guarantee payment of rents becoming due during the pendency of the appeal. The "Surety" document in each case was signed by the other tenant defendant.

The plaintiff, on May 18, filed a motion to fix bond with sufficient surety, or in default thereof to grant an order for immediate execution. The trial court entered an order requiring the filing of an appeal bond in the sum of $750, with a "professional" surety. The defendants did not file bonds as ordered, and on June 7 the trial court granted the plaintiff's motion for immediate execution.

The plaintiff moved to dismiss the appeals on the grounds that (1) they were not timely filed, and (2) the bonds are not in conformance with the statute.

The statute in issue, § 52-542, must be construed in relation to its companion statute, § 52-534. Each statute has undergone a change in language since 1958. By the enactment of Public Acts 1961, No. 509 § 3, amending § 52-534, a right of appeal in a summary process action was allowed for the first time. Public Acts 1963, No. 562, entitled "An Act concerning Default Judgments in Summary Process Action," amended § 52-534 to provide that if the defendant did not appear within three days after the return day a motion for judgment for failure to appear could be granted and the court was required "forthwith [to] enter judgment as of course that the complainant recover possession or occupancy of the premises."

Section 51-265, dealing with appeals from the Circuit Court, specifically excludes, from the fourteen-day appeal period, appeals under § 52-542 relative to summary process proceedings. Section 52-534 requires that the defendant in such proceedings appear in court within three days after the return day, and if he does appear but does not plead within three days after the return day the plaintiff may file a motion for judgment for failure to plead. Thereafter, if the defendant fails to plead within three days after receipt of the motion for judgment

by the clerk, the court shall forthwith enter judgment as of course that the complainant recover possession or occupancy. This same section requires that all pleadings, including motions, shall advance at least one step within each successive three-day period.

Here the amended complaint was filed April 13, 1972. The defendants were required to plead within three days after receipt of the motion for judgment. They did not do so, and judgment for default was entered forthwith. As 2 Stephenson, Connecticut Civil Procedure (2d Ed.) § 237, at page 988, points out, this motion is for judgment on default, not for a default merely. And, as the text continues to point out, this is a far more summary procedure than the mere entry of a default.

Although the motion filed by the plaintiff was entitled "Motion for Disclosure of Defense," rather than "Motion for Judgment for Failure to Plead," the fact is that the defendants failed to file any responsive pleading prior to May 8, 1972. The court thereupon entered judgment for immediate possession of the premises. As per the record, the defendants for the first time filed a pleading document on May 12, 1972, entitled "Defendant's Appeal." It is this document which contains the so-called "Bond" signed by the defendant in each case, and the "Surety," signed by the other defendant in each case.

The controlling statute is § 52-542, as amended by Public Acts 1971, No. 316, which for the first time contains the language concerning a defendant occupying an apartment in a tenement house as defined in chapter 352. Section 19-342 of chapter 352 defines a tenement house as one occupied by three or more families. At the hearing, the parties admitted that the defendants occupied apartments in a tenement house under this definition.

But the defendants attempt to distort the reading of § 52-542 and to imply that the "Bond" and "Surety" documents filed with their appeals comply with the requirement of this section. The court cannot agree. Section 52-542 requires that a defendant occupying an apartment must give a bond with surety to guarantee payment for all rents that have accrued or may accrue or may be due upon final disposal of the appeal and the case. The defendants make issue of the fact that the word "sufficient" does not qualify the "bond with surety" relating to a tenement house tenant who appeals, whereas § 52-542 elsewhere states that "in any other appeal" the court may fix a "sufficient bond with surety." This is a distinction without merit. In either case the purpose of the bond requirement is to protect the landlord in receiving rent for occupancy of the premises. "From the nature of the contract of a guarantor or a surety, his liability is ordinarily measured by that of the principal." *Murphy* v. *Schwaner*, 84 Conn. 420, 425.

It is true that there is a variation in language between Public Acts 1969, No. 296, and Public Acts 1971, No. 316, both of which amended § 52-542. The 1969 amendment did not contain a reference to a "defendant occupying an apartment in a tenement house." This language first appears, as brought out previously, in the 1971 amendment. Essentially, Public Act No. 296 now appears as the second part of § 52-542, starting ". . . and in any other [summary process] appeal . . . ."

The construction the defendants urge from the omission of the qualifying word "sufficient" would mean that the court has no control over the amount of bond with surety filed or who the surety is. This clearly cannot be the intent of this specialized statutory summary process procedure in this state.

"When two constructions are possible, courts will adopt the one which makes the statute effective and

workable, and not one which leads to difficult and possible bizzare results." *Muller* v. *Town Plan & Zoning Commission,* 145 Conn. 325, 331. The purpose of the bond requirement under § 52-542, as it relates to tenement house tenants, is to "guarantee payment." To guarantee payment of rent is to undertake to pay a debt of rent due in case of the failure of another person, i.e. the tenant occupant, who is primarily liable for such payment. See *State* v. *O'Brien,* 93 Conn. 643, 647.

The filing of a bond acceptable to the court is a substantive part of the appeal process in summary process actions, in view of the fact that it is only since 1961 that an appeal was even allowed. Public Acts 1961, No. 509 § 3. As is brought out in *Palmer* v. *Des Reis,* 136 Conn. 627, 630, "[a] bond or recognizance is essential to a valid appeal. . . . The discretion concerning the granting of an extension of time relative to certain other mechanics of procedure requisite to completing an appeal is not permissible with regard to the giving of the bond or recognizance, which is an essential part of the very taking of the appeal." Failure to comply with the bond requirement makes the appeal voidable upon attack. The plaintiff herein makes that attack.

The opinion in *Housing Authority* v. *Jones,* 5 Conn. Cir. Ct. 350, presents a learned review of the history of the summary process procedure provided by statute, altering drastically the old common-law action in ejectment. As that case points out (p. 355), since the Appellate Division does "not have the power or authority to determine or fix the amount of the appeal bond, our conclusion that the appeal is not properly pending exhausts our jurisdiction and precludes" our consideration of the appeal.

The purported "Bond" and "Surety" documents filed with the appeals were not in compliance with

the fair intendment of § 52-542 to guarantee payment of rent during the period of appeal.

The plaintiff's motion to dismiss the appeals is hereby granted.

MIGNONE, MISSAL and O'BRIEN, Js., participated in this decision.