## BRANHAVEN ASSOCIATES *v.* VITROM, INC.
### (15278)

Dupont, C. J., and Foti, Lavery, Heiman and Spear, Js.

Considered December 27, 1995—decision released March 5, 1996

*Robert D. Mercer-Falkoff*, in support of the motion.

*Eric R. Gaynor*, in opposition to the motion.

SPEAR, J. The plaintiff in this summary process action moves to dismiss this appeal on the ground that the defendant did not post a bond as required by General Statutes § 47a-35a (a).[1] The sole issue is whether this particular bond requirement applies where premises are leased for use as a restaurant rather than as a dwelling unit. We conclude that the bond provision of § 47a-35a (a) does not apply to this appeal and, therefore, deny the motion to dismiss.

After the defendant failed to pay rent pursuant to a lease agreement between the parties, the plaintiff commenced a summary process action. The trial court rendered judgment for the plaintiff and this appeal followed.

The plaintiff argues that, pursuant to § 47a-35a (a), upon filing its appeal, the defendant was required to give a bond to guarantee payment of rents that may accrue while the appeal is pending. Section 47a-35a (a) provides in relevant part: "When any appeal is taken by the defendant occupying a *dwelling unit* as defined in section 47a-1 in an action of summary process, he

---

[1] The relevant portion of § 47a-35a (a) is set out in the body of this opinion.

shall, within the period allowed for taking such appeal, give a bond with surety to the adverse party to guarantee payment for all rents that may accrue during the pendency of such appeal . . . ." (Emphasis added.)

The defendant asserts that § 47a-35a (a) does not apply to this appeal because the defendant does not occupy a dwelling unit as defined in General Statutes § 47a-1. Section 47a-1 (c) defines a dwelling unit as "any house or building, or portion thereof, which is occupied, is designed to be occupied, or is rented, leased or hired out to be occupied, as a home or residence of one or more persons."

The parties' lease agreement is entitled "shopping center lease" and provides for the use of the leased premises as a restaurant. Because the space was leased to the defendant for business purposes, the property does not satisfy the definition of a dwelling unit under § 47a-1 and, therefore, § 47a-35a (a) does not apply.[2]

The motion to dismiss is denied.

In this opinion the other judges concurred.

---

[2] We note that General Statutes § 47a-35a (b) provides: "In any other appeal the court on its own motion or on motion of the parties, may fix a sufficient bond with surety to the adverse party in such amount as it may determine." If the plaintiff in this case desired an appeal bond from the defendant, the plaintiff should have moved the court to set a bond pursuant to § 47a-35a (b). See *New Haven* v. *Konstandinidis*, 29 Conn. App. 139, 612 A.2d 822, cert. denied, 224 Conn. 920, 618 A.2d 527 (1992).