PHILIP SCAGNELLI *v.* PATRICIA DONOVAN ET AL.
(AC 25956)

Schaller, Dranginis, Flynn, Bishop and DiPentima, Js.

Considered February 16—officially released May 10, 2005

*Jeffrey D. Brownstein,* in support of the motion.

*Opinion*

SCHALLER, J. The defendants, Patricia Donovan and Richard Blanchette, appealed to this court from the trial court's judgment of eviction in the underlying summary process action. The defendants now move for permission to file an amended appeal from the court's subsequent decision ordering them to make use and occupancy payments to the court in lieu of an appeal bond pursuant to General Statutes § 47a-35a (a).[1] Although the defendants moved for the payment of use and occupancy in lieu of a bond, they contest the amount set by the court. Because we conclude that a party may obtain appellate review of a trial court's order regarding use and occupancy payments in lieu of an appeal bond in summary process actions only by filing

[1] General Statutes § 47a-35a (a) provides in relevant part: "When any appeal is taken by the defendant occupying a dwelling unit as defined in section 47a-1 in an action of summary process, he shall, within the period allowed for taking such appeal, give a bond with surety to the adverse party to guarantee payment for all rents that may accrue during the pendency of such appeal, or, where no lease had existed, for the reasonable value for such use and occupancy that may so accrue; provided the court shall upon motion by the defendant and after hearing thereon order the defendant to deposit with the court payments for the reasonable fair rental value of the use and occupancy of the premises during the pendency of such appeal accruing from the date of such order. Such order shall permit the payment of such amount in monthly installments, as it becomes due, and compliance with such order shall be a substitute for any bond required by this section. . . ."

a motion for review pursuant to Practice Book § 66-6,[2] we deny the defendants' motion for permission to file an amended appeal.

On October 26, 2004, the court rendered judgment of immediate possession for nonpayment of rent in favor of the plaintiff, Philip Scagnelli, against the defendants. On November 1, 2004, the defendants filed a timely appeal from the judgment of eviction. On the same date, the defendants also filed a motion with the court pursuant to General Statutes § 47a-35a for an order permitting use and occupancy payments in lieu of an appeal bond.

After a hearing, the court granted the defendants' motion and ordered use and occupancy payments of $850 per month. Notice of the court's order issued on November 9, 2004. The defendants' preliminary statement of issues on appeal, which was filed subsequent to the court's ruling on use and occupancy payments, contains two claims, one of which is whether the court's

---

[2] Practice Book § 66-6 provides: "The court may, on written motion for review stating the grounds for the relief sought, modify or vacate any order made by the trial court under Section 66-1 (a), any action by the appellate clerk under Section 66-1 (c) (2), any order made by the trial court, or by the workers' compensation commissioner in cases arising under General Statutes § 31-290a (b), relating to the perfecting of the record for an appeal or the procedure of prosecuting or defending against an appeal, or any order made by the trial court concerning a stay of execution in a case on appeal. All petitions for review of bail shall be filed in the appellate court. Motions for review shall be filed within ten days from the issuance of notice of the order sought to be reviewed. Motions for review of the clerk's taxation of costs under judgments of the court having appellate jurisdiction shall be governed by Section 71-3.

"If a motion for review of a decision depends on a transcript of evidence or proceedings taken by a court reporter, the moving party shall file with the motion either a transcript or a copy of the transcript order form (JD-ES-38). The opposing party may, within one week after the transcript or the copy of the order form is filed by the moving party, file either a transcript of additional evidence or a copy of the order form. Parties filing or ordering a transcript shall order an electronic version of the transcript in accordance with section 63-8A."

ruling on the amount to be paid for use and occupancy in lieu of bond was proper. That claim clearly arose after the judgment of eviction from which the defendants appealed. On November 29, 2004, the defendants filed this motion for permission to file an amended appeal from the order granting use and occupancy payments in lieu of bond.

Practice Book § 61-9 provides in relevant part that "[s]hould the trial court, subsequent to the filing of the appeal, make a decision which the appellant desires to have reviewed, the appellant shall file an amended appeal form in the trial court within twenty days from the issuance of notice of the decision . . . ." Our Supreme Court has declined to review claims related to an order made subsequent to the judgment on appeal where the appellant did not amend the appeal pursuant to Practice Book § 61-9. See *Jewett* v. *Jewett*, 265 Conn. 669, 673 n.4, 830 A.2d 193 (2003). The language of Practice Book § 61-9 may be read to suggest that the court's use and occupancy order can be the subject of an amended appeal, as it occurred subsequent to the filing of the appeal from the judgment of eviction and was an order that the defendants desire to have reviewed. For the following reasons, however, we conclude that Practice Book § 61-9 is not applicable in the present situation and that counsel should have sought review, not by seeking to file an amended appeal, but by filing a motion for review pursuant to Practice Book § 66-6.

Practice Book § 66-6 provides in relevant part that this court "may, on written motion for review stating the grounds for the relief sought, modify or vacate any order . . . relating to . . . the procedure of prosecuting or defending against the appeal, or any order made by the trial court concerning a stay of execution in a case on appeal. . . ." According to General Statutes § 47a-35a, a defendant in a summary process action who wants to file an appeal must post a bond with surety

or, alternatively, may request that use and occupancy payments be paid to the court during the pendency of an appeal in lieu of a bond. If the defendant fails either to post a bond or to move for use and occupancy payments in lieu of bond during the five day appeal period prescribed by General Statutes § 47a-35 (a), the judgment of eviction is not stayed and the judgment may be executed. See General Statutes § 47a-35 (b). An order as to use and occupancy payments, therefore, falls within the category of orders amenable to review pursuant to Practice Book § 66-6 because such an order is *related* to the prosecuting or the defending of an appeal and *concerns* a stay of execution in a case on appeal.

Practice Book § 61-14 provides in relevant part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under [Practice Book §] 66-6. . . ." Section 66-6 provides for the expeditious review of such orders. A motion for review must be filed within ten days from the issuance of notice of the order to be reviewed. The rule provides for the prompt filing of a transcript if a decision on the motion for review is dependent on a transcript. Certainly in the context of a summary process case, where expedited procedures are mandated; see *Prevedini* v. *Mobil Oil Corp.*, 164 Conn. 287, 292, 320 A.2d 797 (1973); expedited appellate scrutiny of an order involving a stay by way of a motion for review makes sense. Requiring review by way of appeal would delay for a much greater period a defendant's obligation to provide an appeal bond or to make use and occupancy payments. Such delay would negate in large part the inherent purpose of General Statutes § 47a-35a, which seeks to place some obligation on a nonpaying tenant to provide a property owner with surety against further financial losses while the summary process judgment is being considered on appeal. We have considered a challenge to a trial court's order

setting a summary process appeal bond by way of a motion for review; *New Haven* v. *Konstandinidis*, 29 Conn. App. 139, 612 A.2d 822, cert. denied, 224 Conn. 920, 618 A.2d 527 (1992); and there appears to be no practical reason for not similarly limiting our review of the setting of use and occupancy payments.

The motion filed by the defendants for permission to file an amended appeal is denied.[3]

In this opinion the other judges concurred.

---

[3] In consideration of the fact that the defendants' counsel did not have the benefit of this decision, we sua sponte grant the defendants permission to file a late motion for review within ten days of the issuance of this decision.