VINCENT JULIANO *v.* BERNADETTE JULIANO

BERNADETTE JULIANO *v.* VINCENT JULIANO
(AC 26184)

DiPentima, McLachlan and Hennessy, Js.

Submitted on briefs April 17—officially released July 4, 2006

---

*Richard C. Marquette* filed a brief for the appellant (plaintiff in the first case, defendant in the second case).

*Noah Eisenhandler* filed a brief for the appellee (defendant in the first case, plaintiff in the second case).

*Opinion*

PER CURIAM. Vincent Juliano (Vincent)[1] appeals from the judgments rendered in two actions that were consolidated and tried to the court. He appeals from the judgments as a plaintiff in one action and as a defendant in the other. In the first action, instituted in October, 2003, Vincent brought a convoluted pro se civil claim against his sister, Bernadette Juliano (Bernadette), originally sounding in negligence and ultimately morphing into what appears to be a claim for conversion, fraud and breach of fiduciary duty.[2] In the second action, instituted in June, 2004, Bernadette sought to recover, by way of summary process, possession of a premises occupied by Vincent.

---

[1] Because the parties share the same last name, and because the parties were each a plaintiff and a defendant in the two actions, the parties will be identified by their first names.

[2] His exact cause of action was never specified, and there is not one controlling complaint. Instead, there are multiple complaints, alleging various "misconduct" by Bernadette. The totality of the various complaints essentially alleges that numerous assets were transferred out of his name without his consent or were fraudulently purchased from him for below market value.

The primary issue in both actions is whether Vincent voluntarily conveyed his ownership interest in various assets and real estate, including 14 Thill Street in West Haven (Thill Street), to Bernadette. In his action, Vincent alleged that Bernadette had forged his signature to a set of quitclaim deeds and other legal documents resulting in the unknowing and involuntary conveyance of his ownership interest in various assets and real estate the parties had inherited from their father. In her action, Bernadette sought to recover possession of Thill Street from Vincent. The court ultimately found that Vincent voluntarily conveyed his ownership interest in the assets and real estate to Bernadette, including Thill Street, and, thus, found in favor of Bernadette in both actions. On appeal, Vincent claims that the court improperly (1) found that he voluntarily conveyed his ownership interest in the assets and real estate to Bernadette, and (2) denied his motion to open the judgments. We disagree and, accordingly, affirm the judgments of the trial court.

Examination of the record discloses the following factual basis and procedural history relevant to our resolution of this appeal. After the death of their father in 1975 and the subsequent death of their mother in 1978, Vincent and Bernadette, along with their sister, Veniece Juliano, inherited the family business and a few parcels of real estate. Bernadette was appointed the administratrix of the estate, and she also became the legal guardian of Vincent, who was a minor until August 20, 1980. Around 1980, with financial assistance from Bernadette, Vincent moved to Thill Street, one of the parcels of real estate he and his sisters had inherited. Thill Street has been Vincent's primary residence ever since.

In October, 2003, Vincent, acting pro se, brought an action against Bernadette originally sounding in negli-

gence. The original compliant, which alleged that Vincent and Bernadette were joint owners of Thill Street, sought monetary damages for personal injuries resulting from Bernadette's alleged failure to maintain Thill Street properly. After a series of amendments to the original complaint, Vincent drastically modified his cause of action. His modified claim alleged that he recently discovered that his ownership interest in Thill Street was unknowingly and involuntarily conveyed to Bernadette. The modified claim further alleged that Bernadette forged his signature to a set of quitclaim deeds in 1983 and that he only discovered the existence of those deeds while conducting title searches in preparation for his original claim. In response, to Vincent's action, Bernadette filed a summary process action in an attempt to recover possession of Thill Street. Both actions were consolidated and tried to the court.

At the trial, Vincent, Bernadette and their family attorney, Robert Levine, testified. Vincent testified that he never signed the set of quitclaim deeds conveying Thill Street to Bernadette. He further testified that Bernadette forged his signature to the quitclaim deeds and other legal documents and that she underpaid him for the other assets in which he no longer has an ownership interest. Levine testified that he prepared the quitclaim deeds and other legal documents and that he witnessed Vincent sign them. Bernadette testified that she never forged Vincent's name to any legal documents. She further testified that Vincent was compensated for his ownership interest in Thill Street and the other assets. Finally, she testified that even after Vincent sold her his ownership in Thill Street, she allowed him to reside there free of all financial responsibility.

The court found that Vincent voluntarily conveyed his ownership interest in Thill Street and the other assets to Bernadette. The court further found that the signatures on the set of quitclaims deeds and other legal

documents matched Vincent's signature. As a result, the court rendered judgment in favor of Bernadette in each action. This appeal followed. Additional facts will be set forth as necessary.

## I

We first address Vincent's claim that the court improperly found that he voluntarily conveyed his ownership interest in the assets and real estate to Bernadette.

"If the factual basis of the court's decision is challenged, our review includes determining whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Internal quotation marks omitted.) *Keefe* v. *Norwalk Cove Marina, Inc.*, 57 Conn. App. 601, 606, 749 A.2d 1219, cert. denied, 254 Conn. 903, 755 A.2d 881 (2000). "The court's findings of fact are binding on this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole." *Breiner* v. *State Dental Commission*, 57 Conn. App. 700, 704, 750 A.2d 1111 (2000).

The court was presented with conflicting testimony. Vincent testified that he never signed the quitclaim deeds and the other legal documents. He further testified that he was never compensated for his ownership interest in the various assets and real estate. Levine's and Bernadette's testimony disputed his testimony. The court credited the testimony of Levine and Bernadette. As a result, the court found that Vincent voluntarily conveyed his ownership interest in the assets and real estate to Bernadette.

We need go no further. It is not our function to examine the record and see if the trial court could have

reached a contrary conclusion. See *Westport Taxi Service, Inc.* v. *Westport Transit District,* 235 Conn. 1, 14, 664 A.2d 719 (1995). Instead, "we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *Hartford Electric Supply Co.* v. *Allen-Bradley Co.,* 250 Conn. 334, 346, 736 A.2d 824 (1999). After reviewing the record, we conclude that the court's factual findings were not clearly erroneous.

## II

Lastly, Vincent claims that the court improperly denied his motion to open the judgments. Because it is not properly before us, we decline to review this claim.

Vincent filed this appeal on January 6, 2005. He subsequently filed a motion to open the judgments on April 18, 2005. The court denied his motion to open the judgments on May 9, 2005. If Vincent desired appellate review of the court's denial of his motion to open, he should have filed an appeal form indicating such intention or amended the existing form. See Practice Book §§ 61-1 through 61-9. Moreover "[t]he right to appeal is not a constitutional one. It is but a statutory privilege available to one who strictly complies with the statutes and rules on which the privilege is granted." (Internal quotation marks omitted.) *Brown* v. *Brown,* 190 Conn. 345, 350, 460 A.2d 1287 (1983).

"In accordance with our policy not to exalt form over substance, we have been reluctant to dismiss appeals for technical deficiencies in an appellant's appeal form." *Rocque* v. *DeMilo & Co.,* 85 Conn. App. 512, 527, 857 A.2d 976 (2004). We are confronted in the present case, however, with a substantive defect that implicates this court's jurisdiction to entertain the claim. We therefore decline to review this claim.

The judgment is affirmed.