DOUGLAS R. BROWN, ADMINISTRATOR (ESTATE OF EDMOND FENYES), ET AL. *v.* RICHARD FENYES
(AC 32534)

DiPentima, C. J., and Gruendel and Flynn, Js.

Argued January 31—officially released April 12, 2011

*Richard Fenyes*, pro se, the appellant (defendant).

*Douglas R. Brown*, pro se, the appellee (named plaintiff).

*Joseph W. Auger*, for the appellee (plaintiff James Sheridan, trustee).

*Opinion*

PER CURIAM. The defendant, Richard Fenyes, appeals from the judgment of possession rendered in this summary process action[1] in favor of the plaintiffs, Douglas R. Brown, administrator of the estate of Edmond Fenyes, and James Sheridan, trustee of the Mary Fenyes living trust. After reviewing the briefs, underlying record and pending motions, the court concludes that it lacks jurisdiction to consider this appeal and accordingly dismisses it.

The plaintiffs brought this action against the defendant, alleging that he no longer had any right or privilege to occupy the premises at 607 Booth Hill Road, Trumbull. After trial, the court rendered judgment of possession in favor of the plaintiffs. The defendant filed a timely appeal. During the pendency of the appeal, the plaintiffs filed a motion under General Statutes § 47a-35a[2] seeking an order of use and occupancy payments. On October 26, 2010, after a hearing, the court ordered

---

[1] "Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Internal quotation marks omitted.) *St. Paul's Flax Hill Co-operative* v. *Johnson*, 124 Conn. App. 728, 733, 6 A.3d 1168 (2010), cert. denied, 300 Conn. 906, 12 A.3d 1002 (2011).

[2] General Statutes § 47a-35a (a) provides in relevant part: "When any appeal is taken by the defendant occupying a dwelling unit as defined in section 47a-1 in an action of summary process, he shall, within the period allowed for taking such appeal, give a bond with surety to the adverse party to guarantee payment for all rents that may accrue during the pendency of such appeal, or, where no lease had existed, for the reasonable value for such use and occupancy that may so accrue; provided the court shall upon motion by the defendant and after hearing thereon order the defendant to deposit with the court payments for the reasonable fair rental value of the use and occupancy of the premises during the pendency of such appeal accruing from the date of such order. . . ."

the defendant to pay monthly use and occupancy in the amount $1000 beginning November 1, 2010. Thereafter, the defendant filed an amended appeal from the use and occupancy order and made the ordered payments in November and December. At the time of oral argument before this court, the defendant had not paid use and occupancy for the month of January, 2011. Prior to oral argument, the plaintiffs filed motions to dismiss the appeal and the amended appeal, and the defendant timely objected.

As to the motion to dismiss the defendant's amended appeal, the court turns to its decision in *Scagnelli* v. *Donovan*, 88 Conn. App. 840, 871 A.2d 1084 (2005), for guidance. In that case, this court stated that the sole remedy for seeking review of an order of use and occupancy is through a motion for review under Practice Book § 66-6. Id., 841–42. On the basis of this precedent, we dismiss the defendant's amended appeal.[3]

We now turn to the original appeal filed by the defendant. Section 47a-35a (a) requires a defendant occupying a dwelling unit in a summary process action to give a bond for use and occupancy during the pendency of the appeal. In *Young* v. *Young*, 249 Conn. 482, 497, 733 A.2d 835 (1999), the Supreme Court stated that "[f]ailure to comply with the bond requirement makes the appeal voidable upon attack. . . . Therefore, the failure to provide such a bond furnishes a sufficient ground for dismissal of the appeal." (Citation omitted; internal quotation marks omitted.) The defendant's failure to comply with the use and occupancy payments in January, 2011, is a failure to comply with the bond requirement of § 47a-35a (a).

The plaintiffs' motions to dismiss are granted.

[3] The defendant did file a motion for review of the court's order for use and occupancy payments. A panel of this court granted the motion for review but denied the relief requested. The defendant then filed a motion for reargument to the panel and the court, en banc; this motion was denied.