CITY OF NORWICH *v.* LAURA SHELBY-POSELLO
(AC 34902)

DiPentima, C. J., and Beach and Espinosa, Js.

Considered September 26—officially released September 26, 2012*

*Cassie N. Jameson,* in support of the motion.

*Laura Shelby-Posello,* pro se, in opposition to the motion.

*Opinion*

BEACH, J. The defendant, Laura Shelby-Posello, has appealed from the judgment of the trial court rendered

---

* September 26, 2012, the date that we issued the decision in this case as an order, is the operative date for all substantive and procedural purposes.

in favor of the plaintiff, the city of Norwich, in its summary process action. The plaintiff moved to dismiss the defendant's appeal because the defendant failed to provide the bond required by General Statutes §§ 47a-35 and 47a-35a.[1] We concluded that the appeal should be dismissed unless the defendant filed a motion to set a bond or a motion for use and occupancy payments in lieu of a bond pursuant to § 47a-35a.[2]

The following facts and procedural history are relevant to our disposition of the plaintiff's motion. In 1993, the defendant entered into a purported long-term lease agreement for residential property located at 165 Talman Street in Norwich with the owner of the property, Rose City Community Land Trust for Housing, Inc. In July, 2011, the plaintiff obtained title to the property by way of foreclosure. On December 20, 2011, the plaintiff filed the present summary process action against the defendant seeking possession of the premises pursuant to General Statutes § 47a-23. In its two count

---

[1] The plaintiff also moved to dismiss the defendant's appeal because the defendant failed to comply with Practice Book §§ 63-3 and 63-4. In particular, the plaintiff argued that the defendant failed to certify that a copy of the appeal form was served on the plaintiff pursuant to Practice Book § 63-3 and failed to file the requisite papers required by Practice Book § 63-4. Additionally, the plaintiff argued that service was improper. Although we recognize that the defendant failed to comply with Practice Book §§ 63-3 and 63-4, these are technical defects and the defendant has since substantially complied with these provisions. See *Juliano* v. *Juliano*, 96 Conn. App. 381, 386, 900 A.2d 557 ("[i]n accordance with our policy not to exalt form over substance, we have been reluctant to dismiss appeals for technical deficiencies in an appellant's appeal form" [internal quotation marks omitted]), cert. denied, 280 Conn. 921, 908 A.2d 544 (2006). Furthermore, although the defendant may have failed to serve the plaintiff, the plaintiff has received notice of this appeal, has filed a motion to dismiss this appeal and, ultimately, has not been prejudiced. Accordingly, we have denied the plaintiff's motion to the extent it sought dismissal on these bases.

[2] In the interest of expediency, we previously issued an order to this effect on September 26, 2012, which allowed the defendant ten days from the issuance of notice of the order in which to file any requisite motion. Notice was sent on September 27, 2012. We also indicated that a published opinion would follow at a later date. We now provide that opinion.

complaint, the plaintiff alleged that the defendant never had a right or privilege to occupy the premises or, in the alternative, that any such right had terminated. The plaintiff further alleged that it had served a notice to quit on the defendant but that the defendant continued to be in possession of the premises and refused to vacate even though the time period designated in such notice to quit had passed. On April 9, 2012, the defendant filed an answer and six special defenses to the plaintiff's complaint. On July 31, 2012, the court rendered judgment in favor of the plaintiff for immediate possession of the premises, plus costs.

On August 1, 2012, the defendant filed an appeal from the judgment of the court. On August 13, 2012, the plaintiff filed a motion to dismiss the defendant's appeal, to which the defendant objected. The plaintiff argues that the defendant's appeal should be dismissed because the defendant failed to provide the bond required by §§ 47a-35 and 47a-35a, which makes the appeal voidable upon motion in some circumstances.

"Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms." (Citation omitted; internal quotation marks omitted.) *Young* v. *Young*, 249 Conn. 482, 487–88, 733 A.2d 835 (1999). "Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Citations omitted; internal quotation marks omitted.) Id., 488.

Section 47a-35a (a) provides in relevant part: "When any appeal is taken by the defendant occupying a dwelling unit . . . in an action of summary process, he shall,

within the period allowed for taking such appeal, give a bond with surety to the adverse party to guarantee payment for all rents that may accrue during the pendency of such appeal, or, where no lease had existed, for the reasonable value for such use and occupancy that may so accrue; provided the court shall upon motion by the defendant and after hearing thereon order the defendant to deposit with the court payments for the reasonable fair rental value of the use and occupancy of the premises during the pendency of such appeal accruing from the date of such order. . . ." Section 47a-35 (b) provides in relevant part: "No appeal shall be taken except within such five-day period [as provided in subsection (a) of § 47a-35]. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause . . . unless the defendant fails to give bond, as provided in section 47a-35a. . . ."

The implementation of § 47a-35a presents practical difficulties. On its face, a defendant who appeals must post a bond virtually contemporaneously with the appeal, but the appropriate amount of any bond—and, indeed, the ability of a defendant to obtain a bond in a timely fashion—may be quite unclear. The alternative, a motion for an order to make periodic use and occupancy payments, is likely to be the more feasible option in many cases. It is in this context that we decide whether the defendant's failure, in the first instance,[3] to post a bond or to file a motion for use and occupancy payments, if challenged, voids an appeal altogether.

Resolution of this issue requires an interpretation of § 47a-35a. "The principles that govern statutory construction are well established. When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In

---

[3] It is, of course, a different matter altogether if the defendant fails to satisfy bond requirements after the court orders security.

other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case . . . . [We] first . . . consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . . A statute is ambiguous if, when read in context, it is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Fairchild Heights, Inc.* v. *Dickal*, 305 Conn. 488, 497, 45 A.3d 627 (2012).

Our Supreme Court previously has interpreted § 47a-35a and indicated that "the purpose of the bond requirement is to protect the landlord in receiving rent for occupancy of the premises. . . . Failure to comply with the bond requirement makes the appeal voidable upon attack. . . . Therefore, the failure to provide such a bond furnishes a sufficient ground for dismissal of the appeal." (Citations omitted; internal quotation marks omitted.) *Young* v. *Young*, supra, 249 Conn. 496–97. This court has indicated that "a defendant in a summary process action who wants to file an appeal must post a bond with surety or, *alternatively*, may request that use and occupancy payments be paid to the court during the pendency of an appeal *in lieu of a bond.*" (Emphasis added.) *Scagnelli* v. *Donovan*, 88 Conn. App. 840, 843–44, 871 A.2d 1084 (2005). If a defendant in a summary process action files a motion for use and

occupancy payments, "failure to comply with the use and occupancy payments . . . is a failure to comply with the bond requirement of § 47a-35a (a)." *Brown* v. *Fenyes*, 127 Conn. App. 771, 773, 15 A.3d 1160, cert. denied, 302 Conn. 902, 23 A.3d 1242 (2011).

In the present case, at the time the appeal was filed, the defendant had not provided a bond or filed a motion for use and occupancy payments in lieu of a bond within the five day appeal period prescribed by the statutory scheme. Although failure to provide a bond furnishes a sufficient ground for dismissal of an appeal in a summary process action; see *Young* v. *Young*, supra, 249 Conn. 497; a bond amount never was set. Section 47a-35a (a) is silent as to the precise procedure for setting the amount of the bond and does not expressly state whether an appeal should be dismissed if no bond is set in the first place. The lack of clarity is further compounded by the fact that § 47a-35a (b) expressly provides: "*In any other appeal the court on its own motion or on motion of the parties*, may fix a sufficient bond with surety to the adverse party in such amount as it may determine." (Emphasis added.) "[A]ny other appeal"; General Statutes § 47a-35a (a); is distinguished from appeals taken by a defendant occupying a "dwelling unit."[4] General Statutes § 47a-35a (b). The providing of security, then, is mandatory as to an appeal taken by a defendant occupying a "dwelling unit" and permissive in "any other appeal." The mandatory provision does not, however, provide any express procedures for setting the amount of the bond, while the permissive provision is more specific. A review of the history surrounding this statutory scheme is instructive.

In *Housing Authority* v. *Jones*, 5 Conn. Cir. Ct. 350, 252 A.2d 465 (1968), the appellate division of the circuit

---

[4] For example, "any other appeal" may include an appeal taken by a defendant using leased premises for business purposes. See *Branhaven Associates* v. *Vitrom, Inc.*, 40 Conn. App. 513, 515, 671 A.2d 858 (1996).

court considered a motion to determine or to fix the amount of an appeal bond where no appeal bond was set by the trial court. The court considered an earlier version of the statutory scheme, which did not distinguish between the types of appeals but also failed to provide specific procedures for setting the amount of the bond,[5] and indicated that "[a]s a rule the court granting an appeal is the only court vested with the power to fix the amount of the appeal bond or undertaking . . . . *Where the statute makes no provision for fixing the amount* the court granting the appeal must fix such an amount as will be adequate for the protection of the appellee." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 354. On this ground, the court denied the defendants' motion to determine or to fix the amount of the appeal bond but also dismissed their appeal for failure to provide such appeal bond. See id., 355. The "court granting the appeal" in *Jones* was the trial court; any motion to set a bond appropriately would be made in that court.

The statutory scheme was subsequently amended to provide more specific procedures for setting the amount of the appeal bond. See Public Acts 1969, No. 296, which provided in relevant part: "When any appeal is taken by the defendant in an action of summary

---

[5] See General Statutes (Rev. to 1968) § 52-542, which provided: "When any appeal is taken by the defendant in an action of summary process, he shall give a sufficient bond with surety to the adverse party, to answer for all rents that may accrue or, where no lease had existed, for the reasonable value for such use and occupancy, during the pendency of such appeal, or which may be due at the time of its final disposal; and execution shall be stayed for five days from the date judgment has been rendered, but any Sunday or legal holiday intervening shall be excluded in computing such five days. No appeal shall be taken except within said period, and if an appeal is taken within said period execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken for the purpose of delay; and if execution has not been stayed, as hereinbefore provided, execution may then issue, except as otherwise provided in sections 52-543 to 52-548, inclusive."

process, he shall, *within the period allowed for taking such appeal or within three days from the fixing of the bond, whichever is later,* give a sufficient bond with surety to the adverse party *in such amount as the court, on its own motion or on motion of the parties, may fix* . . . ." (Emphasis in original.) If the language of this revision were still in effect, the resolution of the problem would be straightforward: an appeal would be subject to dismissal if a defendant failed to satisfy a bond requirement once it was set, but a defendant would have no specific obligation to initiate the bond process.

Thereafter, however, the legislature distinguished between separate types of appeals, those involving dwelling units and all others, and made the providing of a bond mandatory in any appeal taken by a defendant occupying an "apartment in a tenement house" and permissive in "any other appeal." See Public Acts 1971, No. 316. The legislature also eliminated the three day period from the fixing of the bond in which the defendant had to provide such an appeal bond. See Public Acts 1971, No. 316. In doing so, however, the legislature also eliminated the procedure for setting the amount of a bond in an appeal taken by a defendant occupying an "apartment in a tenement house." See Public Acts 1971, No. 316. Later, the classification of an "apartment in a tenement house" was replaced by the classification of a "dwelling unit." See Public Acts 1976, No. 76-95, § 25. As previously indicated, the current revision of § 47a-35a (a) does not provide any specific procedure for setting the amount of a bond in an appeal taken by a defendant occupying a "dwelling unit."

Although the defendant is responsible for providing a bond, we recognize that "[w]*here the statute makes no provision for fixing the amount* the court granting the appeal must fix such an amount . . . ." (Emphasis in original; internal quotation marks omitted.) *Housing*

*Authority* v. *Jones,* supra, 5 Conn. Cir. Ct. 354. In the present case, the trial court was responsible for setting the amount of the bond but, not having been asked to set a bond, had not done so at the time the motion to dismiss was filed. Thus, at the time, there was no specific bond requirement with which to comply. We recognize that the defendant could have filed a motion to set a bond or filed a motion for use and occupancy payments in lieu of a bond. Nevertheless, there is no language in the statute that would indicate to the defendant that she should or must file a *motion to set* a bond but only language that indicates that she must actually "give a bond" or may request that use and occupancy payments be paid to the court during the pendency of an appeal in lieu of a bond. See *Scagnelli* v. *Donovan,* supra, 88 Conn. App. 844. In any event, there is no precise language requiring dismissal if the defendant fails to "give a bond" prior to one being set.

The current statutory scheme is ambiguous, as explained previously, as to the mechanics of setting bond and the consequences of noncompliance at different stages of the process. The literal language is unworkable to the extent that it requires the defendant to file a bond with security in a precise amount within the five day appeal period. The intention of the legislature, as revealed in the current scheme and in light of its history, is to provide security for landlords during the appeal process and to provide for dismissal of appeals in which security is lacking. The process was sufficiently delineated in the 1969 Public Act; the clarity was diminished by subsequent revisions. Over time, the ability of any party to request security was modified: whereas any party presumably may still request security,[6] the defendant now appears to have an affirmative duty to initiate the security process. We hold, then, that under

---

[6] Although the legislature has imposed the initial requirement on defendants, nothing prevents any party from filing a motion for security.

the current statutory scheme, the defendant has the obligation to initiate the security process.

In this opinion the other judges concurred.