******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PRESCOTT, J., concurring. Although I agree with the majority that the judgment of conviction should be affirmed, in the interest of justice, I would follow a different path to that conclusion. The sole claim raised by the self-represented defendant in this direct criminal appeal is that the trial court violated his right to due process by improperly granting court-appointed appellate counsel's motion for leave to withdraw her appearance in accordance with Practice Book § 62-9. As indicated by the majority, a motion for review pursuant to Practice Book § 66-6 is the proper vehicle by which to obtain review of an order concerning the withdrawal of appointed appellate counsel after an appeal has been filed. Nevertheless, for the reasons that follow, before turning to the merits of the appeal, I would treat the defendant's brief as a late motion for review, and would grant review but deny relief. Then, because the defendant failed to raise any claim challenging the merits of the judgment of conviction, I would, like the majority, affirm the judgment.

The criminal charges against the defendant arose out of the shooting death of a convenience store clerk. The defendant was represented throughout the underlying proceedings by Attorney R. Bruce Lorenzen, a public defender. The defendant confessed to shooting the clerk and, at trial, did not challenge that he was the shooter. Instead, the defendant argued that the firearm he used discharged accidently and that he committed the robbery under duress. A jury found the defendant guilty of felony murder in violation of General Statutes § 53a-54c and robbery in the first degree in violation of General Statutes § 53a-134 (a) (2).[1] Following his conviction and sentencing, the defendant filed an application seeking a waiver of fees, costs and expenses for appeal and the appointment of appellate counsel. The Office of the Chief Public Defender initially was appointed to represent the defendant and filed a timely appeal to the Supreme Court[2] on his behalf raising such issues as may appear from an examination of the record. Attorney Lisa J. Steele later filed an appearance on behalf of the defendant in lieu of the public defender's office.

On September 14, 2015, pursuant to Practice Book § 62-9, Steele filed with the Office of the Appellate Clerk a motion for leave to withdraw her appearance. According to Steele, on the basis of her review of the record and discussions with both the defendant and trial counsel, she asserted that an appeal in this case would be wholly frivolous. Steele, in accordance with the procedures set forth in Practice Book §§ 62-9 and 43-34 thru 43-38, submitted an *Anders*[3] brief detailing the factual and legal basis for her conclusion. The

motion and the *Anders* brief were forwarded to the trial court, *Prats, J.*, for a decision. On February 24, 2017, the trial court issued a memorandum of decision granting the motion to withdraw.

In accordance with Practice Book § 62-9 (d) (3), Steele sent the defendant a letter dated March 4, 2017, notifying him of the court's decision. Steele attached to the letter a three page, single spaced document titled "Filing a Pro Se Brief." That document contained numerous and detailed instructions on how to proceed with the appeal as a self-represented party. The following statement was included amidst other instructions describing the types of documents the defendant was permitted to file in prosecuting his appeal: "You can try filing a [m]otion for [r]eview of the trial court's decision on the *Anders* motion ([Practice Book §] 66-6). Remember that you only have [ten] days to file this from the date of the notice of the order." Here, ten days expired on March 6, 2017, or two days after the letter was dated. The letter did not inform the defendant that a motion for review was his exclusive remedy or that he could not raise in his appellate brief any issue regarding the court's decision to grant the motion to withdraw. The defendant did not file a motion for review of the trial court's ruling allowing Steele to withdraw.

On April 7, 2017, the defendant filed an appearance as a self-represented party in lieu of Steele. He successfully filed a motion for additional time to file his brief, which he submitted on November 3, 2017. On November 30, 2017, the Supreme Court transferred the appeal to this court pursuant to Practice Book § 65-1.

Practice Book § 62-9 (d) directs that any appointed appellate counsel who concludes in accordance with Practice Book § 43-34 that an appeal would be wholly frivolous to file under seal with the appellate clerk a motion for leave to withdraw his or her appearance along with a memorandum of law in accordance with Practice Book § 43-35. Copies are not provided to the state. Practice Book § 62-9 (d) (2). The motion, brief, and any supporting transcripts are then referred by the appellate clerk to the trial court for a decision. Practice Book § 62-9 (d) (3). If the trial court grants the motion to withdraw, a copy of the court's decision is filed, under seal, with the appellate clerk, and counsel must notify his or her former client in writing of the trial court's decision, the current status of the appeal, and the defendant's responsibilities necessary to prosecute the appeal. Practice Book § 62-9 (d) (3). Section 62-9 (d) (3) further expressly provides that the trial court's decision "may be reviewed pursuant to [Practice Book §] 66-6."

Practice Book § 66-6 provides in relevant part that this court "may, on written motion for review stating the grounds for the relief sought, modify or vacate . . . any order concerning the withdrawal of appointed

appellate counsel pursuant to Section 62-9 (d)." Generally, in those instances in which our rules provide for expedited relief pursuant to a motion for review filed in accordance with Practice Book § 66-6, we have required that parties follow that procedure and declined to review such issues when raised by way of a direct appeal. See *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 192 Conn. 1, 8, 469 A.2d 778 (1984); *Clark* v. *Clark*, 150 Conn. App. 551, 575–76, 91 A.3d 944 (2014); *State* v. *Casiano*, 122 Conn. App. 61, 71, 998 A.2d 792, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010); *Scagnelli* v. *Donovan*, 88 Conn. App. 840, 843, 871 A.2d 1084 (2005); *State* v. *Pieger*, 42 Conn. App. 460, 467, 680 A.2d 1001 (1996), aff'd, 240 Conn. 639, 692 A.2d 1273 (1997).

Because of the confidential nature of the attorney-client relationship and the required contents of an *Anders* brief, in which the attorney representing the defendant sets forth the legal and factual shortcomings of any potential appellate issues, the brief is not permitted to be disclosed to the state. Moreover, as provided in Practice Book § 62-9 (d) (4), the panel hearing the merits of any subsequent appeal is prohibited from reviewing such materials.[4] Accordingly, although Practice Book § 62-9 (d) (3) does not expressly state that a motion for review is the exclusive remedy available to a defendant, that is unquestionably the clear intent of the rule. Accordingly, if a defendant wishes to challenge a ruling permitting the withdrawal of appointed counsel in accordance with Practice Book § 62-9, he or she must do so by filing a motion for review pursuant to Practice Book § 66-6, not by raising the issue as a claim in the pending appeal.

I do not disagree with the majority that, in the present case, although the defendant could have pursued and briefed any appellate claim he deemed meritorious regarding the underlying judgment of conviction, and, in fact, was instructed to do so by his former appellate counsel, he chose to raise in his brief to this court only his claim that counsel should not have been permitted to withdraw. For the following reasons, I would exercise this court's authority to supervise proceedings on appeal and to suspend the requirements or provisions of our appellate rules of practice and treat the defendant's brief as a late motion for review. See Practice Book §§ 60-1, 60-2, and 60-3[5]; see also *State* v. *Ayala*, 222 Conn. 331, 342, 610 A.2d 1162 (1992) (treating defendant's petition for certification under General Statutes § 51-197f as late petition for certification under General Statutes § 52-265a [a]).

First, I do not dispute that Steele's written notification and instructions to the defendant following the granting of the motion for leave to withdraw fully complied with the requirements of our rules and, although not expressly required, informed the defendant that he could "try" filing a motion for review of the court's

decision to allow Steele to withdraw her representation.[6] That important and time sensitive instruction, however, was not addressed in the body of the letter informing the defendant that the motion for leave to withdraw had been granted but was buried amid a series of instructions that pertained not to the issue of representation but to procedures for prosecuting the appeal as a self-represented party. Furthermore, Steele's letter to the defendant was dated on March 4, 2017, a Saturday, and the time to file a motion for review of the court's February 24, 2017 decision by her instruction expired on March 6, the following Monday. It is thus reasonable to infer that the time to file a timely motion for review had expired on or before the date that the defendant received Steele's instructions. Moreover, neither the rules of practice cited by Steele nor the instructions themselves informed the defendant that if he wished to challenge the court's ruling on the motion to withdraw, he could do so only by filing a motion for review pursuant to Practice Book § 66-6.

Second, and somewhat related, although he received copies of the motion to withdraw and the court's decision, each of which referenced Practice Book § 62-9, which in turn references Practice Book § 66-6, the defendant nevertheless may not have understood that, as we clarify in this case, a motion for review was his exclusive remedy. See *Scagnelli* v. *Donovan*, supra, 86 Conn. App. 845 n.3 (sua sponte granting permission to file late motion for review "in consideration of the fact that the defendants' counsel did not have the benefit of this decision") Given the unique procedural posture of this case, and in the interest of justice, I would exercise our supervisory authority to treat the defendant's brief as a late motion for review of the trial court's ruling on the motion to withdraw. The state, in its appellate brief, anticipated the possibility that we might treat the defendant's brief in this manner, and it did not argue against that procedure, noting only that because it was not privy to the *Anders* brief or the court's ruling because they were sealed, it was not in a position to address the merits of the court's order granting the motion to withdraw.

My review of the record shows that Attorney Steele followed all required procedures necessary to seek permission to withdraw her appearance as the defendant's appointed counsel, including providing a thorough and well-reasoned brief in compliance with *Anders*. Her motion to withdraw and *Anders* brief were sent to the trial court for disposition. The defendant was granted several extensions of time in which to respond to the motion to withdraw. Although he did not file a written response directly with the court, he conveyed his arguments to Steele, who submitted a letter to the court setting forth his belief that he had a viable double jeopardy claim. The court, following a full examination of the record, made an independent determination that

there were no nonfrivolous appellate issues, and filed a thorough memorandum of decision setting forth its reasoning for granting the motion to withdraw. I have reviewed, on a plenary basis, the court's memorandum of decision and the underlying record on which the court relied. I do not find any errors in its conclusions.

The only argument the defendant advances in support of his claim that the motion to withdraw was improperly granted is that he has a nonfrivolous double jeopardy claim. Any potential double jeopardy violation was fully addressed by both Steele and the trial court, each of whom concluded that the claim lacked merit. The defendant has failed to demonstrate that a nonfrivolous double jeopardy claim exists; see footnote 2 of this concurrence; or that the court otherwise improperly granted the motion to withdraw. Having treated the defendant's brief as a motion for review of the court's granting of the motion to withdraw, I would have granted review, but would have denied the relief requested.

As previously indicated, the defendant has failed to raise or brief any challenge to the judgment of conviction itself. Because the defendant has advanced no claim regarding the merits of the judgment of conviction, he has effectively abandoned his direct criminal appeal. Accordingly, like the majority, I would affirm the judgment of conviction. Because that disposition does not involve the review of any claim pertaining to the merits of the appeal, my proposed disposition of this appeal would also not run afoul of Practice Book § 62-9 (d) (4).

[1] The jury also found the defendant not guilty of murder, but guilty of the lesser included offense of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a. In light of the felony murder conviction, the court properly vacated and dismissed without prejudice the manslaughter conviction. See *State* v. *Chicano*, 216 Conn. 699, 703, 584 A.2d 425 (1990) (conviction of both felony murder and manslaughter in first degree based on single homicide violates double jeopardy), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991), overruled in part on other grounds by *State* v. *Polanco*, 308 Conn. 242, 261, 61 A.3d 1084 (2013) (holding vacatur, rather than merger, is proper remedy for cumulative homicide convictions). The defendant was sentenced to fifty-five years of incarceration on the felony murder count and received a concurrent sentence of twenty years of incarceration for the robbery. We note that in *State* v. *Gonzalez*, 302 Conn. 287, 312–13, 25 A.3D 648 (2011), our Supreme Court squarely rejected a claim that double jeopardy barred a defendant's conviction and punishment for both felony murder and the predicate felony of robbery in the first degree.

[2] The appeal was subsequently transferred to this court.

[3] See *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State* v. *Pascucci*, 161 Conn. 382, 288 A.2d 408 (1971) (adopting *Anders* requirements).

[4] Practice Book § 62-9 (d) (4) provides in relevant part: "The appellate clerk shall maintain all filings and related decisions pursuant to this subsection under seal. The panel hearing the merits of the appeal shall not view any briefs and materials filed under seal pursuant to this subsection."

[5] Practice Book § 60-1 provides: "The design of [our rules of practice] being to facilitate business and advance justice, they will be interpreted liberally in any appellate matter where it shall be manifest that a strict adherence to them will work surprise or injustice." Practice Book § 60-2 provides in relevant part that "[t]he supervision and control of the proceedings shall be in the court having appellate jurisdiction from the time the

appellate matter is filed, or earlier, if appropriate . . . .” Practice Book § 60-3 provides: “In the interest of expediting decision, or for other good cause shown, the court in which the appellate matter is pending may suspend the requirements or provisions of any of [our rules of practice] on motion of a party or on its own motion and may order proceedings in accordance with its direction.”

[6] I would encourage the Advisory Committee on Appellate Rules to consider making a recommendation that Practice Book § 62-9 (d) (3) be amended. Practice Book § 62-9 (d) (3) currently provides in relevant part: “If the trial court grants the motion to withdraw, counsel shall immediately notify his or her former client, by letter, of the status of the appeal and the responsibilities necessary to prosecute the appeal.” It would seem no great additional burden on counsel to include in the required letter an instruction that if his or her former client wishes to challenge the court’s decision to allow counsel to withdraw, the client must file a motion for review with the Appellate Court in accordance with Practice Book § 66-6 and that the issue is not reviewable by any other procedure.

———————————————————